ASKEY & HAGER, INC., Appellant, *v.* STATE OF NEW YORK, Respondent. (Claim No. 19016.)

Fourth Department, March 21, 1934.

*Charles C. Page* [*Elmer C. Pagel* of counsel], for the appellant.
*John J. Bennett, Jr., Attorney-General,* for the respondent.

*DeWitt Clinton,* for the Grade Crossing and Terminal Station Commission of the City of Buffalo.

*Moot, Sprague, Brownell, Marcy, Carr & Gulick* [*S. Fay Carr* and *H. W. Huntington* of counsel], for the Erie Railroad Company.

*Locke, Babcock, Hollister & Brown* [*S. Fay Carr* and *H. W. Huntington* of counsel], for the Delaware, Lackawanna and Western Railroad Company.

THOMPSON, J.   The question presented is the liability of the State for damages for injury to rights of ingress and egress to property affected by, but not taken for, the reduction of a railroad grade crossing in the city of Buffalo.   By force of the Grade Crossing Elimination Amendment to the Constitution of the State of New York (Art. 7, § 14), in effect January 1, 1926, the Legislature passed chapter 844 of the Laws of 1926, adding section 4-a to chapter 231 of the Laws of 1923, an act consolidating the grade crossing commission and the terminal station commission of the city of Buffalo into one commission to be known as the grade crossing and terminal station commission of the city of Buffalo, and investing it with all the powers, privileges and duties conferred on the said grade crossing commission and terminal station commission.   The amendatory act took effect on May 17, 1926, and among its other provisions there is the following: " In relation to any grade crossing in the city of Buffalo in existence at the time said section fourteen of article seven of the Constitution became effective, the elimination of which by the Buffalo commission has been begun prior to or is begun within the sixty days after the time this section becomes effective (May 17, 1926) the public service commission in the manner herein prescribed is authorized to make an order determining that public safety required the elimination of such crossing and to direct that the work shall be done in accordance with the plan as presented by the Buffalo commission or modified by the public service commission.   Thereafter the rights and liabilities of the city, the railroad corporation and the state with reference to such elimination shall be the same as is herein provided as to each of them with reference to work directed by the public service commission to be undertaken and the city and the railroad shall be reimbursed by the state.   *   *   *

" If the work of such elimination causes damage to property not acquired as above provided, the state shall be liable therefor in the first instance, but this provision shall not be deemed to create any cause of action which would not otherwise exist."

On the day the amendatory act took effect the grade crossing commission of the city of Buffalo presented a petition to the Public

Service Commission for an order determining that public safety required the elimination of the grade crossing in suit, and on July 28, 1926, the Public Service Commission made an order that public safety required the elimination of the crossing, according to the plans of the " Grade Crossing Commission of the City of Buffalo." The work already begun, as will shortly appear, was carried on and completed pursuant to this order, and on February 19, 1929, the Public Service Commission made an order approving it. The actual elimination of the crossing was begun in December, 1925, under contracts entered into by the grade crossing commission of the city of Buffalo with the Delaware, Lackawanna and Western Railroad Company and the Erie Railroad Company under dates, respectively, of August 1 and September 10, 1912.

At the time of the entry of the order of the Public Service Commission directing the elimination of the crossing, the work of excavation which resulted in lowering the established grade of Colvin street, thereby obstructing and preventing ready and free access to claimant's properties, had been substantially completed. Claimant then had available a remedy for the recovery of the damages it had sustained, under section 12 of the Grade Crossing Elimination Act (Laws of 1888, chap. 345, as amd.), which provided as follows: " If the commissioners shall decide that it is necessary * * * that the grade of any street or portion of any street * * * shall be changed, and that any property may be injured thereby *for which the owners or persons interested therein are lawfully entitled to compensation* * * * the court shall fix the amount of damages * * * and shall order the same to be paid."

" By the act under consideration, as well as the charter of the city of Buffalo, the respondents, as abutting owners, were ' lawfully entitled to compensation,' even for a mere change of grade." (*Matter of Grade Crossing Commissioners,* 154 N. Y. 550, 557.) " The damages are caused when the physical change of grade is made." (*Matter of Grade Crossing Comrs. of Buffalo,* 209 N. Y. 139, 144; *People ex rel. Janes* v. *Dickey,* 206 id. 581.) " Lawfully entitled " is the equivalent of " already allowed by existing laws." (*Matter of Grade Crossing Comrs. of Buffalo, supra.*)

By the plain mandate of the statute (Laws of 1926, chap. 844) the State sets up its liability *in the first instance* for damages for injuries caused to property not acquired for purposes of the elimination. We construe the remaining portion of the statute which reads, " but this provision shall not be deemed to create any cause of action which would not otherwise exist," to mean that if there was a remedy available to such injured property owner at the time the act took effect, the State agrees to pay; but if there was not,

the statute is not to be taken as creating any new liability. By plain implication it thus provides for the preservation and continuance of the remedies in existence at the time of its enactment.

As already appears, before this act took effect, claimant had an adequate remedy for the damages it sustained. Under the provisions of the statute in question, this right is saved to it, the only change being that instead of its remedy being against the city of Buffalo " in the first instance," as in the old law, it is now, by force of the new law, against the State " in the first instance."

Upon a previous appeal (*Matter of Grade Crossing & Terminal Station Comm.*, 236 App. Div. 880) we held that " the remedy for the recovery of damages under section 4-a of the Grade Crossing Act, added by chapter 844 of the Laws of 1926 and amending statutes, was exclusive." We so hold here.

The judgment of the Court of Claims should be reversed, and judgment granted in favor of claimant against the State in the sum of $1,300, that being the amount which the Court of Claims has set as the damages sustained by claimant; and interest to be adjusted, without costs. Certain conclusions of law and findings of fact are disapproved and reversed, and new conclusions are reached and new findings made.

All concur, except EDGCOMB, J., not voting.

Judgment reversed on the law, with costs, and judgment granted in favor of the claimant against the State for $1,300 and interest, without costs.