STEPHEN DWORNIK and Another, Claimants, *v.* THE STATE OF NEW YORK, Defendant.
Claim No. 22303.

Court of Claims, April 26, 1934.

*John V. Maloney* and *Frank F. Williams*, for the claimants.

*Edward E. Tanner, Deputy Assistant Attorney-General,* for the State of New York.

*DeWitt Clinton,* for the Grade Crossing and Terminal Station Commission of Buffalo, New York.

*Moot, Sprague, Brownell, Marcy, Carr & Gulick* [*S. F. Carr* of counsel], for the Canadian National Railway Company and another.

*Rann, Vaughan, Brown & Sturtevant* [*H. R. Sturtevant* of counsel], for the New York Central Railroad Company.

*Locke, Babcock, Hollister & Brown* [*Harold S. Brown* of counsel], for the Delaware, Lackawanna and Western Railroad Company.

RYAN, J. Claimants allege that they have been damaged by reason of the permanent closing of Thompson street, an ancient street of the city of Buffalo, at a point about forty feet south of their real property and also at a point about eighty feet north of the northerly line of their property, and also by the permanent closing of Amherst street, an ancient street of the city of Buffalo, at a point about seventy-five feet east of the easterly line of claimants' property, thereby closing all access to and from claimants' premises north or south on Thompson street and likewise all access to and from their premises easterly on Amherst street, and also by diverting Amherst street at a point about twenty-eight feet west

of claimants' west line. The work was done for the purpose of a grade crossing elimination in the city of Buffalo pursuant to chapter 679 of the Laws of 1928. No portion of claimants' property was taken.

The matter comes before us at present on a motion made by counsel for the grade crossing commission of Buffalo to dismiss the claim.

Claimants' premises are located at the southwesterly corner of Amherst street and Thompson street and have a frontage of fifty feet on the south side of Amherst street and one hundred feet on the westerly side of Thompson street. The premises are improved by a structure which is arranged for business on the ground floor and for dwelling purposes above.

There is no question about the facts. Just easterly of the intersection of Thompson and Amherst streets, Amherst street has been closed. One approaching claimants' property from the east must travel along the diverted and depressed Amherst street through the subway and up onto the old Amherst street and thence easterly to reach his destination. From the west on Amherst street access remains as it formerly was. One approaching claimants' property from the north on Thompson street must likewise use the subway and approach claimants' property from the west on Amherst street. One approaching claimants' property from the south on Thompson street cannot get through but must go by some roundabout streets for the purpose.

It is the argument of the defense that unless some statute gives compensation for street closing, claimants cannot recover for damages arising therefrom, and that chapter 679 of the Laws of 1928 does not give them any right to recover. In support of this position a well-established line of cases is cited, beginning with *Coster* v. *Mayor of City of Albany, etc.* (43 N. Y. 399).

Chapter 679 of the Laws of 1928 does provide as follows: " If the work of such elimination causes damage to property not acquired as above provided, the state shall be liable therefor in the first instance, but this provision shall not be deemed to create any liability not already existing in law."

A similar clause appearing in chapter 844 of the Laws of 1926 was recently construed by the Appellate Division, Fourth Department, " to mean that if there was a remedy available to such injured property owner at the time the act took effect, the State agrees to pay; but if there was not, the statute is not to be taken as creating any new liability. By plain implication, it thus provides for the preservation and continuance of the remedies in existence at the time of its enactment." We quote from Mr.

Justice THOMPSON in a decision recently rendered reversing this court in the dismissal of claim No. 19016 (*Askey & Hager, Inc.,* v. *State,* 240 App. Div. 451; affd., 266 N. Y. 587).

Clearly, therefore, if claimants herein had an adequate remedy prior to the taking effect of chapter 679 of the Laws of 1928, they now have a cause of action against the State.

We think the situation in the instant case is clearly distinguishable from that in the *Miller* case wherein it was held that the damages sustained were *damnum absque injuria.* (*Miller* v. *State,* 229 App. Div. 423.)

Both Amherst and Thompson were ancient streets dedicated on what was known as the Parish Tract according to a map thereof made in 1830 and duly filed. The case, therefore, comes within the exception to the old rule " that, though one public way to property is closed, if there is another left, the property owner sustains no actionable damage." (*Fearing* v. *Irwin,* 55 N. Y. 486, p. 490.)

This exception was recognized by Mr. Justice CROUCH, now of our Court of Appeals, in *Matter of Grade Crossing Commissioners of City of Buffalo* (210 App. Div. 328; affd., 240 N. Y. 612).

We are of the opinion, therefore, that the claimants can recover. The trial was completed and testimony as to damages was received subject to the determination of this motion.

An order should be submitted denying the motion to dismiss and counsel on both sides may submit in the usual form requests to find and conclusions of law to be passed upon by the court.

BARRETT, P. J., concurs.