CALDWELL & WARD BRASS COMPANY, Claimant, *v.* THE STATE OF NEW YORK, Defendant.
(Claim No. 24242.)
Court of Claims, October 21, 1936.

*Nash, Britcher & Eckel* [*John F. Nash* of counsel], for the claimant.

*John J. Bennett, Jr., Attorney-General* [*Joseph I. Butler, Assistant Attorney-General,* of counsel], for the defendant.

*John H. Walrath*, for the Syracuse Grade Crossing Commission.

*Truman H. Preston, County Attorney*, for the County of Onondaga.

*Hiscock, Cowie, Bruce & Lee* [*H. Duane Bruce* and *Maurice Lane* of counsel], for the New York Central and West Shore Railroads.

RYAN, J. This claim is the second to be submitted to this court under chapter 825 of the Laws of 1928, known as the Syracuse Grade Crossing Elimination Act. The first, recently decided, is Claim No. 24197, *Champion Oil Co., Inc.*, v. *State of New York* (161 Misc. 143). As in that case no part of the lands of this claimant was taken nor were its easements of light, air and access condemned.

However, the facts are to be distinguished. In the *Champion* case all access to the claimant's property was destroyed. Here the claimant's property is bounded on three sides by public streets. On the south it abuts on Brown street, on the west on Decker street, and on the north on Burnet avenue. The embankment and retaining wall for the elevated structure of the railroad has been placed in Brown street and entirely across Decker street. Part of the width of Brown street has been left open. In fact the space between the north surface of the retaining wall and the north line of Brown street is now slightly greater than was the distance between the most northerly rail and the same street line when the rails were in the surface of the street. At the same time it is less convenient to use Brown street than formerly because a solid concrete wall confines large trucks which before could swing out in the space over the rails. But there can be no recovery for the deadending of Decker street as claimant still has access to intersecting and parallel streets. In fact no damages on this score are claimed. What claimant does demand is compensation for the invasion of its rights to light, air and access which as abutting owner on Brown street it had and possessed. These rights have been defined and upheld in *Story* v. *N. Y. Elevated R. R. Co.* (90 N. Y. 122); *Lahr* v. *Metropolitan El. Railway Co.* (104 id. 270); *Reining* v. *N. Y., L. & W. R. Co.* (128 id. 157). As was said by Judge ANDREWS in the case last cited: " It is no longer open to debate in this State that owners of lots abutting on a city street, the fee of which is in the municipality for street uses, although they have no title to the soil, are nevertheless entitled to the benefit of the street in front of their premises for access and other purposes, of which they cannot be deprived except upon compensation."

The principal operations of claimant's brass foundry are conducted in a building which lies adjacent to Brown street. For a distance of ninety feet along the front of this building the concrete wall erected on Brown street is twenty-six feet high. It then drops

nine and one-half feet to a lower level which is maintained for the remainder of claimant's frontage — about fifty feet. After considering the testimony and viewing the property the court is convinced that claimant's property has suffered diminution in value by reason of the grade crossing elimination. Claimant's damages are substantial.

All of the defenses put forth in the *Champion Oil Co.* case are again urged here. For the reasons stated in our opinion in that case we believe that this claimant is entitled to an award against the State of New York.

There is another question raised to which we have given careful consideration. In 1884 claimant's predecessor in title recovered a judgment against the railroad company for the invasion of his easements in Brown street, the railroad being then built on the surface of the street. (*Falker* v. *N. Y., W. S. & B. Ry. Co.*, 17 Abb. N. C. 279.) This judgment was paid and satisfaction given. The satisfaction piece recited " I hereby release the said defendant, its successors and assigns, from all claims and damages arising or to arise from the location, construction and operation of its railroad, where it is now located through Brown Street in the City of Syracuse, N. Y., and hereby authorize the continuance of the road where it is now constructed, pursuant to the statute."

We have reached the conclusion that neither the judgment nor the instrument from which we have quoted constitutes a bar to claimant's recovery.

ACKERSON, J., concurs.