West 158th Street Garage Corporation, Respondent, *v.* The State of New York, Appellant.*

The New York Central Railroad Company, Interested Party, Appellant.

(Claim No. 22172.)

Third Department, March 8, 1939.

---

* Revg. 168 Misc. 822.

*John J. Bennett, Jr., Attorney-General* [*Henry Epstein, Solicitor-General,* of counsel; *Leon M. Layden* and *Gerald J. Carey, Assistant Attorneys-General,* with him on the brief], for the defendant, appellant.

*Clive C. Handy* [*William R. Stevens* of counsel], for The New York Central Railroad Company, appellant.

*Bijur & Herts* [*Harry Bijur* of counsel; *Joseph E. Rizzo* with him on the brief], for the respondent.

*Cravath, de Gersdorff, Swaine & Wood* [*Jesse C. Millard* and *Eugene E. Ford* of counsel], for The Staten Island Rapid Transit Railway Company, *amicus curiœ.*

HILL, P. J.   The State of New York and the New York Central Railroad Company appeal from an order of the Court of Claims dated September 19, 1938, which vacated an order and a judgment of that court entered in its clerk's office respectively on May 27 and June 3, 1932.

Claimant-respondent is the lessee under a lease dated February 21, 1922, of a garage located at 658 West One Hundred and Fifty-eighth street, borough of Manhattan.   In 1930, in eliminating the New York Central grade crossing at One Hundred and Fifty-eighth street, the city, pursuant to the New York City Grade Crossing Act, raised the grade of the street adjacent to claimant's leasehold and thereby caused extensive damage.   Claimant, in January, 1932, served and filed a claim for the damages in the Court of Claims. On motion of the Attorney-General, " notwithstanding the noted *pro forma* appearance and opposition " of claimant's counsel, the Court of Claims made an order dismissing the claim and entered a judgment thereon.   No appeal was taken or other proceedings had by or at the instance of claimant until January 11, 1938, over five and a half years after the entry of the judgment, when this

motion was made to vacate the judgment and restore the matter to the Court of Claims calendar. The appeal is from the order granting that motion. Contemporaneously with the original filing of this claim a companion claim for damages was filed by the claimant's landlord, the owner of the fee. That claim also was dismissed by the Court of Claims. The judgment of dismissal thereof was affirmed by this court (*Regulus Realty Co., Inc.*, v. *State of New York*, 238 App. Div. 882), and a motion for leave to appeal to the Court of Appeals was denied (239 App. Div. 865), and a like motion was denied by the Court of Appeals (unreported). These claims were dismissed by the Court of Claims, the judgment in the *Regulus* case affirmed by this court and the motion to appeal to the Court of Appeals denied under the common-law rule which then obtained, that the owner of property, no part of which was taken, adjacent to a street or highway, the grade of which was changed to his damage, might not recover damages therefor against the municipality or the State which made the change unless the right so to recover was expressly granted by statute (*Smith* v. *Boston & Albany R. R. Co.*, 181 N. Y. 132; *Matter of Grade Crossing Commissioners*, 201 id. 32; *McCabe* v. *City of New York*, 213 id. 468, 477; *Miller* v. *State of New York*, 229 App. Div. 423), and we assume that the Court of Appeals applied the same rule when it denied the motion of the Regulus Company for leave to appeal to that court. The Court of Appeals grants leave to an aggrieved party to prosecute an appeal from a unanimous decision of the Appellate Division which finally determines an action or special proceeding whenever it will further the " interest of substantial justice." (Civ. Prac. Act, § 588, subd. 5.) " A denial of a motion for leave to appeal is not equivalent to an affirmance of the order thus withdrawn from review. It does not give to the order the value of a precedent. * * * A refusal to take jurisdiction of a cause has not the force of an affirmance after jurisdiction has been taken. Appellate Divisions and trial courts are at liberty, if they please, to give to such a refusal some measure of significance, as a token, though indecisive, of the impressions of this court. They are not bound thereby as by an authoritative precedent. This is the rule in the Supreme Court of the United States upon the denial of applications for writs of certiorari. [Citations.] It is the only safe rule if the doctrine of adherence to precedent is to be kept within reasonable limits. (*Matter of Marchant* v. *Mead-Morrison M. Co.*, 252 N. Y. 284, 297, 298.)

New interest in respondent's claim was awakened because of the decision in *Askey & Hager, Inc.*, v. *State of New York* (240 App. Div. 451; affd., 266 N. Y. 587), which dealt with statutes concerning

grade crossing eliminations in the city of Buffalo (Laws of 1923, chap. 231; Laws of 1926, chap. 844), containing the following language (which is identical with the general and the several city grade crossing elimination acts): " If the work of such elimination causes damage to property not acquired as above provided, the State shall be liable therefor in the first instance, but this provision shall not be deemed to create any cause of action which would not otherwise exist," and it was determined that a cause of action against the city existed under the 1926 statute and, therefore, under the above quotation that the State was liable in the first· instance for the change of grade, the opinion stating: " We construe the remaining portion of the statute which reads ' but this provision shall not be deemed to create any cause of action which would not otherwise exist ' to mean that if there was a remedy available to such injured property owner at the time the act took effect, the State agrees to pay." Thus it is enough that a cause of action exists against the city or other municipality or person as the above-quoted statute makes the State liable in the first instance by substitution, in a grade crossing elimination.

The application of the *Askey* case to the matter under review arises because, as earlier stated, the New York City Grade Crossing Elimination Act (Laws of 1928, chap. 677) contains language identical with that quoted from the Buffalo act, and the first sentence of section 951 of the Greater New York Charter gives a cause of action for damages arising through a change of grade in a city street: " An abutting owner who has built upon or otherwise improved his property in conformity with the grade of any street or avenue established by lawful authority, and such grade is changed after such buildings or improvements have been erected, and the lessee thereof, shall be entitled to damages for such change of grade." Respondent argues that as this provision gives a cause of action, it is of no moment that under a later portion of the section recovery is to be had from the owners of property located within a zone benefited by the change, after the amount of damage and the area benefited have been determined in a special proceeding, and that the State, by the express terms of the New York city elimination statute, became liable for the damage. This contention is fortified by reference to recent decisions of the Court of Appeals concerning the release of villages from liability for damages arising through changes of grade in elimination proceedings. Section 159 of the Village Law gives a cause of action " whenever the grade of any street * * * in any incorporated village in this State shall be changed or altered," against " the village, town or other municipality chargeable with the maintenance of the

street * * * so altered or changed." Claimants have not been permitted to recover against the local municipalities because of the assumption of the liability by the State under the quoted language of the crossing elimination acts. (*Matter of Atherton* [*Village of Allegany*], 244 App. Div. 890; affd., 270 N. Y. 525; *Matter of Trustees of First Methodist Episcopal Church of Whitehall*, 272 id. 562.) Under these recent decisions the respondent could present a strong argument in support of its right to recover against the State in the event the matter was now presented *de novo*. The power and jurisdiction of the Court of Claims to vacate this five and a half year old judgment and restore the matter to its calendar present a more difficult problem for respondent.

The Court of Claims may vacate or modify judgments and grant new trials and except as otherwise provided in its rules of practice or in the Civil Practice Act, the practice is the same as in the Supreme Court. (Court of Claims Act, § 14.) It possesses at most no greater inherent or incidental powers than the Supreme Court. It may, within one year, after notice relieve a party from a judgment taken against him through his mistake, inadvertence, surprise or excusable neglect. (Civ. Prac. Act, § 108.) This section, dealing generally with default judgments, does not apply on this appeal as claimant appeared in opposition to the granting of the order and judgment dismissing the claim. Also, within two years, and if a person against whom the judgment was filed is under one of the disabilities mentioned in the next cited section of the Civil Practice Act within five years, a motion may be made to set aside a final judgment for error in fact not arising upon the trial. (Civ. Prac. Act, § 528.) The respondent here does not assert an error in fact, but rather one of law. When, in a case tried without a jury, a motion for a new trial is founded upon an allegation of error in a ruling upon the law, it must be made before the same judge who committed the alleged error, unless he be dead or disqualified, and the notice therefor must be given before the expiration of the time within which an appeal may be taken from the judgment. (Civ. Prac. Act, § 552.) Clerical errors, mistakes in connection with the entry or the omission to grant relief to which a party is entitled as of course, may be corrected by the trial court through amendment. (*Bohlen* v. *Metropolitan Elevated R. Co.*, 121 N. Y. 546; *Heath* v. *New York Building Loan Banking Co.*, 146 id. 260.) The setting aside of a judgment obtained through fraud on the court or the person against whom it was rendered is within the discretion of the Special Term. (*Gysin* v. *Gysin*, 263 N. Y. 509.) Except as above detailed, a trial court may not limit, modify or set aside a judgment to meet, as between the parties,

newly ascertained equities or provisions of law. (*Stannard* v. *Hubbell*, 123 N. Y. 520; *Herpe* v. *Herpe*, 225 id. 323.) " A decision of a court of competent jurisdiction determines conclusively the questions of law and of fact necessarily involved in the dispute between the parties to the litigation. * * * A final appellate court may hesitate to disregard a precedent. It is free to do so when convinced that its earlier determination is unsound. Though, in such case, we speak of ' overruling ' a previous decision, that is a figure of speech which is not entirely accurate. We cannot destroy or diminish the legal effect of the earlier decision. It remains as between the parties a conclusive determination of the questions both of law and fact there litigated." (*Sears, Roebuck & Co.* v. *9 Avenue-31 Street Corp.*, 274 N. Y. 388, 400.)

The June 3, 1932, judgment in this case conclusively determined the questions herein, both of law and fact, and if there has been a " reformulation " of the rules of law applicable to change of grade in the New York city streets in connection with a grade crossing elimination, it is without significance to these parties, for there has been no " retrospective change of the law." (*Sears, Roebuck* case, *supra*, 401.) The statutory time to appeal from that judgment has passed. The trial court is without appellate power. (*Herpe* v. *Herpe, supra*.) The order of the Court of Claims should be reversed and the motion to vacate the judgment denied.

RHODES, McNAMEE, CRAPSER and BLISS, JJ., concur.

Order reversed on the law and facts, with fifty dollars costs and disbursements. Motion to vacate judgment denied.