JOHN MIRRO and LIBERATO MIRRO, Respondents, *v.* THE STATE OF NEW YORK, Appellant.*

(Claim No. 24173.)

Third Department, November 13, 1940.

*John J. Bennett, Jr.*, Attorney-General [*Gerald J. Carey* and *Leon M. Layden*, Assistant Attorneys-General, of counsel], for the appellant.

*Jacob B. Gersten* [*Israel Uhrman* of counsel], for the respondents.

HILL, P. J. The State appeals from a judgment of the Court of Claims for $9,000 and interest, damage to real property belonging to claimants located at the northeast corner of Central avenue and Seventy-eighth street in the borough of Queens, caused by a change of grade of Central avenue in connection with the elimina-

* Affg. 172 Misc. 963.

tion of a grade crossing at Proctor street with the Montauk Division of the Long Island Railroad Company. Central avenue was and is one of the main connecting streets between the boroughs of Brooklyn and Queens. It formerly was eighty feet wide. Now the central sixty feet has been depressed eleven feet and one inch opposite claimants' property. A sidewalk and marginal driveway is maintained along the northerly side of the avenue, being separated from the depressed portion by a wall about five feet high.

The elimination was authorized on March 13, 1930, by the Transit Commission of the City of New York, the physical changes made prior to November 1, 1934, and the structures approved by the Commission on June 19, 1935. Appellant admits in its brief that " there is no question that the value of claimants' property was lessened by reason of the elimination, * * *."

Grade crossing eliminations in the city of New York are effected under the " New York City Grade Crossing Elimination Act " (Laws of 1928, chap. 677, as amd.), being sections 2041 *et seq.* of the Unconsolidated Laws. Unless there be statutory authority damages may not be awarded for injury to unappropriated real property adjacent to an elimination project. Section 2047, *supra,* is the authority for this judgment. " If the work of such elimination causes damage to property not acquired as above provided, the State shall be liable therefor in the first instance, but this provision shall not be deemed to create any liability not already existing in law." The section in a later portion fixes the method for presentation of a claim to the Court of Claims. Liability existed in law on behalf of the city for damages to unappropriated adjacent real property suffered through the change of the established grade of a street. " An abutting owner who has built upon or otherwise improved his property in conformity with the grade of any street or avenue established by lawful authority, and such grade is changed after such buildings or improvement have been erected, and the lessee thereof, shall be entitled to damages for such change of grade." (Greater N. Y. Charter, § 951.) The above-quoted portion of the section is followed by provisions governing the procedure before a board of assessors in connection with the fixing of damages incurred.

The Court of Claims has determined that claimants are entitled to recover under the following authorities: *Askey & Hager, Inc.,* v. *State of New York* (240 App. Div. 451; affd., 266 N. Y. 587); *Champion Oil Co., Inc.,* v. *State of New York* (161 Misc. 143; affd.,

251 App. Div. 781; leave to appeal to the Court of Appeals denied, 275 N. Y. 649); *Caldwell & Ward Brass Co.* v. *State of New York* (161 Misc. 147; affd., 251 App. Div. 781; affd., 277 N. Y. 547); *Knights* v. *State of New York* (161 Misc. 552; affd., 251 App. Div. 781; leave to appeal to Court of Appeals denied, 275 N. Y. 650); *Buffalo Co-operative Stove Co.* v. *State of New York* (252 App. Div. 228); *Matter of Atherton* v. *Village of Allegany* (270 N. Y. 525); *Matter of Reitz* v. *Village of Allegany* (Id. 525); *Matter of First Methodist Episcopal Church of Whitehall* (272 id. 562); *West 158th Street Garage Corp.* v. *State of New York* (256 App. Div. 401, 404).

Three of the above have to do with the villages of Allegany and Whitehall. In connection therewith section 2016█ of the Grade Crossing Elimination Act (Laws of 1928, chap. 678) applies "outside of the cities of New York, Buffalo and Syracuse." The language is identical with section 2047, earlier quoted, and subdivision 2 of section 159 of the Village Law creates the liability in connection with the change of grade in a village street, the language being: "Whenever the grade of any street, highway or bridge in any incorporated village in this State shall be changed or altered so as to interfere in any manner with any building or buildings situate thereon, or adjacent thereto, or the use thereof, or shall injure or damage the real property adjoining such highway * * *." Damages may be recovered against the municipality charged with the maintenance of the street.

The *Askey & Hager* and *West 158th Street* cases (*supra*) dealt respectively with eliminations in Buffalo and New York city.

Under the authorities, it has been determined that sections 2016 and 2047 (*supra*) create liability on behalf of the State in connection with elimination projects whenever and wherever liability exists at law for damages arising through a change of grade for any purpose. The Village Law (*supra*) creates liability against the municipality having charge of the village streets whenever a grade is changed so as to interfere with the adjacent buildings. The State in elimination projects is liable in the first instance therefor under the *Atherton* and *Whitehall* cases (*supra*). The Greater New York Charter (§ 951) creates liability whenever for any purpose an established grade is changed so as to interfere with adjacent buildings. The State in elimination projects is liable in the first instance therefor under the *Askey & Hager* and *West 158th Street* cases (*supra*).

The judgment of the Court of Claims should be affirmed, with costs.

BLISS and FOSTER, JJ., concur; CRAPSER, J., dissents with an opinion, and votes for reversal; HEFFERNAN, J., dissents.

CRAPSER, J. (dissenting). This is an appeal from a judgment of the Court of Claims in favor of the claimants, awarding damages for an alleged injury to claimants' property by reason of a change of grade at Central avenue in the borough of Queens, city and State of New York, the change of grade having been made by the State of New York during the course of a grade crossing elimination pursuant to chapter 677 of the Laws of 1928. No part of the claimants' property was appropriated for the purposes of the grade crossing elimination.

The property involved in this appeal is located on the northeast corner of Seventy-eighth street and Central avenue in the borough of Queens, city of New York, and was improved by a public garage building. The entrance to the garage was on Seventy-eighth street. Prior to the elimination, Seventy-eighth street ended at the north side of Central avenue. Central avenue was eighty feet in width, running in an east and west direction and was one of the main connecting highways between the borough of Brooklyn and the borough of Queens; it carried traffic going east and west. By reason of the elimination the central portion of Central avenue was depressed and an underpass constructed under the tracks of the Long Island Railroad. Separation of grades started at a point 500 feet east of claimants' property. The grade on the north side of Central avenue directly in front of the claimants' property was not changed by the work of the elimination; so that after the elimination the claimants' property faces on and is at grade with Seventy-eighth street which is of the same width and grade as it was before the elimination and ends at the same point as it did before the elimination, to wit, the north side of Central avenue.

The southerly side of claimants' property faces on that part of Central avenue that remains at its original grade. Central avenue in front of the building at this point is thirty feet in width, having a twenty-foot roadway and a ten-foot sidewalk. It is 1,000 feet in length, having access at the east end to Central avenue and at the west end in three directions, namely, north, northeast and southwest, Seventy-fifth street leading to the west and northwest and by way of a bridge over the underpass to Central avenue and the northeast.

The work of the grade crossing elimination was performed by the State of New York acting through the Transit Commission, and the city of New York had no part in ordering or carrying out the work of the elimination.

While there is no question that the value of the claimants' property was lessened by reason of the elimination, all of the experts agree that no physical damage was caused to claimants' building by reason of the change of grade or the construction of the retaining wall, the decrease in value being attributed solely to the diversion of traffic by reason of the construction of the underpass.

There was no damage for a change of grade at common law. If the claimants are to recover for such damage it must be upon some statute. Chapter 677 of the Laws of 1928, the statute under which the elimination involved was carried out, in and of itself makes no specific provision for the recovery of damages. Section 7 of the act provides: " If the work of such elimination causes damage to property not acquired as above provided, the State shall be liable therefor in the first instance, but this provision shall not be deemed to create any liability not already existing in law."

Section 951 of the Greater New York Charter reads as follows: " An abutting owner who has built upon or otherwise improved his property in conformity with the grade of any street or avenue established by lawful authority, and such grade is changed after such buildings or improvement have been erected, and the lessee thereof, shall be entitled to damages for such change of grade."

Prior to the passing of the Grade Crossing Elimination Act, residents of incorporated villages had an existing remedy against the village under subdivision 2 of section 159 of the Village Law for a change of grade made by the State on a highway within the village. (*Matter of Lawrence* v. *Village of Mamaroneck*, 263 N. Y. 455.)

The first time that damages were allowed for a change of grade as the result of a grade crossing elimination was in the case of *Askey & Hager, Inc.*, v. *State of New York* (240 App. Div. 451). The act providing for that award among other things said: " If the work of such elimination causes damage to property not acquired as above provided, the State shall be liable therefor in the first instance, but this provision shall not be deemed to create any cause of action which would not otherwise exist."

The original order for the elimination in that case had been made by the grade crossing commission of the city of Buffalo which was a city agency. The actual work of elimination was started under the direction of the city of Buffalo acting through its grade crossing commission. When the State, by reason of an order of the Public Service Commission made under chapter 844 of the Laws of 1926, entered upon the work, the work of elimina-

tion and changing of the grade of the street had been substantially completed. The act created a grade crossing commission of the city of Buffalo as an agency of the city of Buffalo and provided for damages for a change of grade of a street. The claimant in that case, therefore, had a cause of action and a remedy against the city of Buffalo for the act of its grade crossing commission changing the grade of the street. That case simply holds that the State could not destroy a remedy already existing and made the State liable in the first instance.

In the case of *Buffalo Co-operative Stove Co.* v. *State of New York* (252 App. Div. 228) it is stated:

" The Buffalo Grade Crossing and Terminal Station Commission was created by chapter 231 of the Laws of 1923, on consolidation of the Terminal Station Commission and the Grade Crossing Commissioners, as an agency of the city of Buffalo to effect the elimination of grade crossings within that city and continued as the agent of the city until the effective date of chapter 679 of the Laws of 1928, when it became the agent of the State of New York. It directed the alteration of the grade in Amherst street in connection with the elimination of these crossings as the agent of the city and the city was liable for damages thereby caused, by reason of the provisions of section 367 of the Buffalo City Charter. While chapter 844 of the Laws of 1926 did not create any new remedy against the State for damages resulting from a grade crossing elimination, it did not destroy any remedy that existed under the provisions of the Buffalo City Charter. (*Askey & Hager, Inc.,* v. *State of New York,* 240 App. Div. 451; affd., 266 N. Y. 587.)

" Claimant, therefore, is entitled to damages for any injuries to its property resulting from the change of grade in Amherst street."

In those two cases the liability of the State was predicated solely upon the facts involved therein, namely, that the work had been ordered and planned by the city of Buffalo and the statute under which the work was completed and ordered provided specifically for damages for a change of grade.

Other applications of an existing liability by appellate courts have been in cases arising in incorporated villages where liability was provided for under subdivision 2 of section 159 of the Village Law. (*Matter of Lawrence* v. *Village of Mamaroneck,* 263 N. Y. 455; *Matter of Atherton* v. *Village of Allegany,* 244 App. Div. 890; *Matter of Reitz* v. *Village of Allegany,* 270 N. Y. 525; *Matter of First Methodist Episcopal Church of Whitehall,* 248 App. Div. 644; affd., 272 N. Y. 562.)

In the case of *West 158th Street Garage Corp.* v. *State of New York* (256 App. Div. 401) this court said: " In 1930, in eliminating

the New York Central grade crossing at One Hundred and Fifty-eighth street, the city, pursuant to the New York City Grade Crossing Act, raised the grade of the street adjacent to claimant's leasehold and thereby caused extensive damage."

This seems to be an erroneous assumption of facts because the city did not do the work in that case; the State did the work under the City Grade Crossing Act, and, therefore, the matter stated in that opinion cannot be used as an authority to support the claimant in the present action. The court referred to the *Askey & Hager, Inc.,* v. *State of New York* case (*supra*); *Matter of Atherton* v. *Village of Allegany* (*supra*); *Matter of First Methodist Episcopal Church of Whitehall* (*supra*), and said: "Under these recent decisions the respondent could present a strong argument in support of its right to recover against the State in the event the matter was now presented *de novo.*"

Therefore, this case is clearly distinguishable from the facts in the *Askey & Hager, Inc.,* v. *State of New York* case (*supra*) and other similar cases.

The prevailing opinion in the present case rests its decision largely upon the authority of *West 158th Street Garage Corp.* v. *State of New York* (*supra*), which cannot be used as an authority for the affirmance of the judgment herein. The facts in the instant case do not bring the case within the purview of the foregoing decision. The city of New York had no part in the planning, ordering or carrying out of the work of the elimination and, therefore, under section 951 of the Greater New York Charter there was no existing remedy against the city of New York of which the claimants herein could avail themselves. The instant case differs in this respect from the *Askey & Hager* and the *Buffalo Co-operative* cases (*supra*), for there the work was started by the city of Buffalo and the claimants had a remedy against the city of Buffalo under the facts there in question.

The claimants having no existing remedy for damages sustained prior to the passage of chapter 677 of the Laws of 1928 either against the city of New York or the State of New York, there was no liability for the State to assume in the first instance.

The judgment herein should be in all things reversed upon the law and the facts and the claim dismissed, with costs.

Judgment affirmed, with costs.