EAST RIVER SAVINGS BANK, Claimant-Respondent, and DUN-
WOODIE GOLF CLUB LAND CO., INC., Impleaded Claimant, *v.*
STATE OF NEW YORK, Appellant.

(Claim No. 25403.)

Third Department, June 30, 1943.

*Nathaniel L. Goldstein, Attorney-General (Orrin G. Judd, Solicitor-General; Gerald J. Carey, Assistant Attorney-General* of counsel), for appellant.

*Bernard, Remsen, Nobiletti & Millham (Newton Millham* of counsel), for claimant-respondent.

*Clive C. Handy* for New York Central Railroad.

BLISS, J. The impleaded claimant Dunwoodie Golf Club Land Co., Inc., was the owner of about one hundred twenty acres of land located in the city of Yonkers which was improved as a golf club. One hundred sixty-two feet of this land fronted on Yonkers Avenue and was unimproved with the exception of a private driveway known as Grace Avenue which was the entrance to the golf club. Grace Avenue was sixty-two feet in width and occupied the easterly portion of this frontage. For a depth of one hundred feet from the northerly line of Yonkers Avenue the lands of the golf club were in a business zone while the remainder was in a residential zone. Acting under chapter 678 of the Laws of 1928, known as the Grade Crossing Elimination Act (outside cities of New York, Buffalo and Syracuse), the State appropriated a strip approximately twenty-four feet in width at its widest point from the Yonkers Avenue frontage for the purpose of widening Yonkers Avenue as a part of a grade crossing elimination. An additional portion of this frontage, approximately twenty-five feet in width, was appropriated

for a perpetual drainage easement. While the golf club was the owner of the land, the respondent East River Savings Bank held a mortgage on it of $185,000 principal, and arrears of interest amounting to approximately $78,000. The original plan of elimination made no change in the location of Grace Avenue, but after service of the notice of appropriation upon the golf club negotiations were had between it and the State and an agreement was reached under which the owner was to accept $2,000 if the State would amend its plan of elimination so as to provide for the relocation of Grace Avenue. The golf club notified the bank of the proposed settlement and the bank declined to approve the same. An amended plan of the elimination was prepared which included the relocation of the private driveway. This plan was approved and ordered by the Public Service Commission and thereafter carried into effect. The bank then filed this claim for damages for the land appropriated and consequential damages to the remainder. An award of $11,000 was made by the Court of Claims, with interest, and the State appeals.

The State contends that consequential damages cannot be recovered by reason of the relocation of the private driveway as this was done at the instance of the owner. We must assume that the elimination as finally approved and ordered by the Public Service Commission was for the best interests of all concerned, particularly the State, and that it was ordered only after giving due consideration to the wishes of all the parties. The record shows that relocated Grace Avenue formed a better intersection with Yonkers Avenue from an engineering and traffic standpoint than was provided in the original plans. In assessing damages the Court of Claims could consider the project only as finally completed. The prior negotiations and hearings were all merged in the final order and damages were properly determined upon the basis of the elimination as actually and finally carried out. In any event, the mortgagee did not participate in the negotiations or consent to the agreement and it is not bound thereby.

There was some change in grade of Yonkers Avenue along the club frontage, which the experts for claimant considered as an element of consequential damage. This the State now claims was improper. Section 99 of the Second Class Cities Law states: " The grade of a street * * * hereafter legally established shall not be changed, * * * except also upon compensation for damages done, * * *." Section 3 of article VI of the Yonkers Charter (L. 1908, ch. 452) recognizes

the possibility of the existence of a claim for damages arising from the alteration of the grade of a street. It provides a short Statute of Limitations for the filing of such claim by the owner of the land alleged to be damaged thereby. Had the change been made by the city, the change in grade would have been a proper element of the damage.

Section 6 of chapter 678 of the Laws of 1928, makes the State liable in the first instance for damage to property not acquired, caused by the work of such elimination, but this provision does not create any liability not already existing in law. The holdings under this statute have been to the effect that the owner may recover damages for change of grade of a street resulting from a grade crossing elimination only when he might have recovered had the grade been changed by the local municipality. (*Askey & Hager, Inc.,* v. *State of New York,* 240 App. Div. 451, affd. 266 N. Y. 587; *Mirro* v. *State of New York,* 260 App. Div. 525, affd. 285 N. Y. 678.) Had this work been performed by the city of Yonkers the owner would have been entitled to the consequential damage resulting from the change in the grade of Yonkers Avenue. Grade crossing elimination cases where there was no original remedy for change of grade or appropriation or where the damage sought is for the change of grade of the railroad and not the public highway are not helpful in our present problem.

Finally the State questions the right of the bank as a mortgagee to file a claim under chapter 678 of the Laws of 1928. It urges that such right is restricted to the owner and does not include a mortgagee. In the instant case the owner of the fee failed to file a claim and has defaulted in prosecution. If the State's contention is correct, then this mortgagee is remediless and the property of which it was the equitable owner by reason of its large mortgage has been taken from it without compensation. We cannot sustain such contention if it may reasonably be avoided. We do not think it necessary to resort to strained construction to bring about the desired result. Chapter 678 of the Laws of 1928 provides the method for the appropriation by the State of lands needed for a grade crossing elimination. After the railroad company has filed maps of such lands the State may immediately take possession thereof. Copies must be delivered to the Attorney-General who must then certify to the Department of Public Works " the names of the owners of the lands so described, including the owners of any right, title or interest in and to such lands." Notice of the filing must thereupon be served " on the owner or owners

of the lands and easement rights so certified by the attorney-general.'' (Subdivision 7 of section 5 of the statute provides for voluntary settlements with the owners and subdivision 8 provides that '' any owner '' may present a claim to the Court of Claims for the value of the property so appropriated and for legal damages.) The words '' any owner '' as there used clearly include an equitable owner such as this mortgagee. For all practical intents and purposes this bank is the actual owner of this land. It is entitled to the full amount of the damages awarded, to be applied, of course, on its mortgage.

This disposes of the principal objections raised by the State. The Court of Claims directed that the moneys be deposited in a bank to the account of the award, to be paid to the persons entitled thereto as may be ordered by the Supreme Court and cites sections 22 and 23 of the Court of Claims Act (L. 1939, ch. 860) as authority. We are inclined to question the necessity for this provision in the judgment in the instant case, where the interest of the bank in the property under its mortgage is unquestioned. As we read section 22 of the Court of Claims Act, it is only where that court is unable to determine the various interests in the property that the award should be ordered deposited and the parties left to the second action in the Supreme Court. This mortgagee, however, has not seen fit to appeal or otherwise put in issue before us this portion of the judgment. Consequently we are not disturbing it.

The judgment should be affirmed, with costs.

All concur.

Judgment affirmed, with costs.