#### (May 3, 1944.)

Lawrence Construction Corporation et al., Respondents, v. State of New York, Appellant. (Claims Nos. 24710, 24711.)

In August, 1935, claimant Lawrence Construction Corporation acquired title to a block of vacant land located on the westerly side of 80th Street, between 77th Avenue and 77th Road, at Glendale, Long Island, and commenced the erection thereon of five two-family dwellings. The court found that the buildings were constructed in accordance with the established grade of 80th Street which conformed to the then existing physical grade and the owners were entitled to damages against the State in the first instance caused by the change of grade resulting from the elimination of a railroad grade crossing pursuant to chapter 677 of the Laws of 1928. (*Mirro* v. *State of New York,* 260 App. Div. 525, affd. 285 N. Y. 678; *Askey & Hager, Inc.,* v. *State of New York,* 240 App. Div. 451, affd. 266 N. Y. 587; *West 158th Street Garage Corp.* v. *State of New York,* 256 App. Div. 401; *East River Savings Bank* v. *State of New York,* 266 App. Div. 494.) The finding of the Court of Claims in each case is amply supported by substantial evidence and the judgments appealed from should be affirmed.

Judgments affirmed, with costs.

Hill, P. J., Bliss, Heffernan and Schenck, JJ., concur; Brewster, J., dissents in memorandum.

Brewster, J. (dissenting). I dissent. The right to the recovery of the damages awarded being wholly statutory, claimants had to prove their case within the requirements of section 951 of the Greater New York Charter (L. 1901, ch. 466, as amd.; now Administrative Code of the City of New York [L. 1937, ch. 929], § 307a-3.0). This required proof that the damaged buildings were erected in conformity with the grade of 80th Street *as established by lawful authority.* This, in my judgment, claimants' proofs fail to establish. The buildings were erected at the physical grade which corresponded to a grade which had been established at some remote time. But, long prior to the

construction of claimants' buildings, the Transit Commission, having full power so to do, by due compliance with the statutory requirements (L. 1928, ch. 677), had established the grade of the section of 80th Street in question as a radically different one. Of this later, differently established grade claimants had both due constructive and actual notice. Such notice to them removes the considerations relied upon in *Matter of Mayor (Briggs Avenue)* (84 App. Div. 312) and, as well, any indefiniteness in the statute (L. 1928, ch. 677) appertaining to the establishment of grades by lawful authority. There can be no doubt but that under the Act the Transit Commission were empowered to establish the grades they are shown to have fixed on March 13, 1930. It was a change of grade that was *so effected,* on March 13, 1930, on Central Avenue, which produced the damage found legally compensable in *Mirro* v. *State of New York* (260 App. Div. 525, affd. 285 N. Y. 678). To work compensable damage under the Charter provision, the change needs to be made by lawful authority. A lawful change of the grade of a street imports the lawful establishment of the one newly determined upon. Regardless of the power to make subsequent modifications or changes, the new establishment continues until such power is exercised. Therefore, if the Transit Commission, by the same kind and process of action in establishing the grades of different streets, taken at the same time, lawfully established a new grade on Central Avenue, I fail to see how their action may be said to have failed to have accomplished such result on 80th Street. In the *Mirro* case (*supra*) the improvements damaged by the change of grade had been made prior to its establishment. Here, the owner of the land began and proceeded with the work of construction after the grade had been so established, and after it knew it and in defiance of it. Such conduct seems to have been hurried on in willful disregard of the established grade and after express and repeated warnings had been received. The work began two days after the date of the owner's deed and from then on progressed in the face of factual situations which spelled the imminence of serious damage, the occurrence of which seems to have been invited.

The judgments should be reversed and the claims dismissed.