Bernard Ryan, P. J.
This case is novel insofar as the suit arises out of an appropriation by the State of New York for right of way for the Thruway. But the facts — the physical changes wrought in a city street upon which claimant’s dwelling house and the land upon which it rests and abuts — are reminiscent of the mass of litigation which had its source in the several railroad grade crossing acts beginning 30 years ago and the principles to be applied here are well established, there having been full discussion of them in the several reports hereinafter cited. There is no need for further exploration. We shall therefore endeavor to limit this memorandum to a recital of such facts only as appear to be essential to an understanding of the application of what we *516 believe to be the law in this ease. We shall simply make reference, by book and page, to those decisions wherein that law can be found. We refer to the following: Askey & Hager v. State of New York (240 App. Div. 451 [1934], affd. 266 N. Y. 587); Champion Oil Co. v. State of New York (161 Misc. 143 [1936], affd. 251 App. Div. 781); Caldwell & Ward Brass Co. v. State of New York (161 Misc. 147 [1936], affd. 251 App. Div. 781, affd. 277 N. Y. 547); Knights v. State of New York (161 Misc. 552 [1936], affd. 251 App. Div. 781); Buffalo Co-operative Stove Co. v. State of New York (252 App. Div. 228 [1937]); West 158th St. Garage Corp. v. State of New York (168 Misc. 822 [1938], revd. on other grounds 256 App. Div. 401); Mirro v. State of New York (172 Misc. 963 [1939], affd. 260 App. Div. 525, affd. 285 N. Y. 678); Solkat Realty Corp. v. State of New York (172 Misc. 981 [1939], affd. 262 App. Div. 944, affd. 288 N. Y. 547); East Riv. Sav. Bank v. State of New York (266 App. Div. 494 [1943]); and more recently Mistretta v. State of New York (201 Misc. 946 [1952], affd. 280 App. Div. 960).
By deed dated June 15, 1922 and duly recorded, claimant became the owner of Lots 7, 8, 9 and 10 in Block 23 on a certain map entitled “Map of Nepperhan Heights in the City of Yonkers ” dated October, 1908 and filed in Westchester County. Each lot has a 25-foot front on the westerly side of Sprain Place and a depth of 100 feet from east to west. By deed dated March 15,1940, claimant became the owner of Lots 19 and 20 of Block 23 of the same map. These two lots front on the easterly side of Howard Place, each being 25 feet in length and 100 feet deep from west to east. Howard Place runs parallel to Sprain Place. The east line of Lots 19 and 20 coincides with the west line of Lots 8 and 9. Claimant is still the owner of 100 feet on Sprain Place and 50 feet on Howard Place. Claimant’s dwelling occupies the northerly 50 feet of his frontage on Sprain Place. His garage is to the rear and to the south of his home and his driveway approach to the garage, leading westerly from Sprain Place, is on the southerly 50 feet, part of which land is also used for lawn and garden. No buildings exist on the 50-foot frontage on Howard Place.
Prior to the work of construction of the New York State Thruway, the block in which claimant’s six adjacent lots of land, described in his deeds by lot and lot number and map reference, was bounded on the east for its entire length by Sprain Place, on its west for its entire length by Howard Place, on its north by Tuckahoe Road and on its south by a strip of-land which was part of the right of way of the New York Central Railroad, Putnam Division. Both Sprain Place and Howard Place were paved *517 public streets, each 50 feet wide with sewers, curbs, gutters and sidewalks installed. They had been accepted as public streets by the City of Yonkers by action of the Common Council on September 25,1928. Claimant’s dwelling house and his garage and driveway were built to the grade of Sprain Place. Prior to Thruway construction, claimant’s access to and from his property on both public streets was from Tuckahoe Road lying to the north. Both streets dead-ended at the railroad right of way.
On December 17, 1953 the State of New York appropriated from the City of Yonkers 8,313 square feet, or 0.191 acres, more or less, of land known and described as Map 445, Parcel No. 608. This area included the entire bed of Sprain Place from the southerly boundary of Tuckahoe Road to a line drawn in a diagonal from the northeast corner of claimant’s Lot No. 10 and extending southeasterly a distance of 66.70 feet to the easterly line of Sprain Place which it intersected at a point southerly of the southerly line of claimant’s Lot 9 produced due east across the road. Along this diagonal line and directly in front of claimant’s house, there was erected during the course of Thruway construction, a wooden barrier and a wire fence. They remain today. The earth in the area immediately adjoining the north line of claimant’s Lot 10 and in the area included in the parcel appropriated was excavated to a depth of approximately 15 feet, which condition remains permanently. Approximately 648 square feet of the 8,313 square feet appropriated from the City of Yonkers was formerly road bed directly in front of claimant’s dwelling. As one emerges from claimant’s driveway, he can no longer turn to his left and proceed by way of Sprain Place and Tuckahoe Road in a northerly direction. He must turn to his right, to the south, and proceed up an abrupt and precipitous hill, which previously existed, to a road built by the State as part of the Thruway project and designated as “Relocated Mile Square Road.” This new road lies in an area nearby the New York Central Railroad right of way.
On March 24, 1954 the State of New York appropriated from the City of Yonkers 1,104 square feet, or 0.025 acres, more or less, of land known and described as Map 454, Parcel 619. This area included the entire bed of Howard Place from the southerly boundary of Tuckahoe Road to a point 17.67 feet south thereof on the west side of Howard Place and 26.50 feet south thereof on the easterly side of Howard Place and 50 feet, or the full width of Howard Place, from east to west in a straight line. Excavation at this point was not of great depth but a barrier prohibits vehicular traffic into Tuckahoe Road. Such traffic must proceed in a southerly direction to the Relocated Mile Square Road. A *518 passageway has been left for pedestrians giving access beyond the barrier to Tuckahoe Road. The barrier is not in front of, but is a considerable distance to the north of claimant’s Lots 19 and 20. As noted, both formal appropriations were from the City of Yonkers. No part of claimant’s land has been acquired by the State of New York.
Insofar as the barrier across Sprain Place is concerned, the physical situation is identical with that created in front of the Hood Building at 339 West Jefferson Street, Syracuse, for which recovery was granted and sustained on appeal in Single v. State of New York (186 Misc. 452 [1946], affd. 271 App. Div. 1053, affd. 297 N. Y. 665). Insofar as the barrier on Howard Place is concerned, the situation is different.
Because of the fact that claimant’s title proceeds from a common grantor who owned the land comprising the streets in question as well as the lots in question and also other lots and who had given deeds to lots bounding them by the streets and who had dedicated the streets to public use, at the same time creating private easements in the streets, claimant’s situation falls within the ancient street doctrine. Claimant, therefore, would not be precluded from recovery herein by authority of Dwornik v. State of New York (155 Misc. 458 [1934], revd. 251 App. Div. 675, affd. 283 N. Y. 597). This doctrine was recently reviewed and recognized. (Matter of City of New York [East 5th St.], 1 Misc 2d 977 [1955].)
Admittedly, claimant’s residence property on Sprain Place has been seriously depreciated in value as a result of the physical changes wrought by the State’s appropriation of the bed of the street and the resulting construction of the Thruway. We fix damages at $6,500. Admittedly, too, the Howard Street lots, although unimproved with buildings, have been reduced in value. We fix such damages at $350.
Is the claimant entitled to recover either item of damages? The Attorney-General asserts that the language of subdivision 14 of section 347 of the Highway Law defeats him. We quote as follows: * ‘ If the work of constructing, reconstructing and maintaining such state thruways and bridges thereon causes damage to property not acquired as above provided, the state shall be liable therefor, but this provision shall not be deemed to create any liability not already existing by statute.”
The last phrase in the above-quoted sentence is the fly in the ointment in this case. ‘ ‘ To create any liability not already existing by statute ” is narrower than “ to create any cause of action which would not otherwise exist. ” Those words appear in chapter 844 of the Laws of 1926, which statute governed Askey & *519 Hager v. State of New York (240 App. Div. 451, affd. 261 N. Y. 587, supra). Again, “ to create any liability not already existing by statute ’ ’ is not the same as “to create any liability not already existing in law.” Those words appear in chapter 678 of the Laws of 1928, which governed Knights v. State of New York (161 Misc. 552, affd. 251 App. Div. 781, supra).
To recover herein claimant must depend upon an already existing statute. That does not require that the pre-existing statute1' creates liability against the State. (East Riv. Sav. Bank v. State of New York, 266 App. Div. 494, supra.) The ancient street doctrine is not of statutory origin. Here the pre-existing statutory^/' authority is found in sections 99 and 101 of the Second Class Cities Law, confirmed and reinforced with respect to the City of Yonkers by chapter 452 of the Laws of 1908. Insofar as the situation on Sprain Place is concerned, liability against the City of Yonkers could have been established under both sections 99 and 101 of the Second Class Cities Law had the City of Yonkers done the work. The State of New York has assumed that liability. So far as the situation on Howard Place is concerned, liability could have been enforced against the City of Yonkers under section 101 of the Second Class Cities Law had the City of Yonkers done the work. The State of New York has also assumed that liability. Upon these considerations we find that the claimant is entitled to recover herein against the State of New York.
Suit herein was brought against both the State of New York and the Thruway Authority according to the title of the claim as filed and there was proof of service upon the Thruway Authority. However, the proper party herein is the State of New York which through its Department of Public Works acquired the land from the City of Yonkers. The claim was duly filed within six months after final acceptance of the work by the Superintendent of Public Works. (Highway Law, § 347, subd. 14.)
Judgment is directed in accordance with the foregoing with proper allowance of interest to be computed by the clerk.