■ MARTHA SELIG, Respondent, v. STATE OF NEW YORK, Appellant. (Claim No. 34263.) — The State appeals from a judgment of the Court of Claims awarding damages for a change of grade of a street situated in the City of Yonkers and abutting the property of the claimant. Central Park Avenue in the City of Yonkers was a 100 foot-wide highway and a main artery for vehicular traffic between New York City and White Plains. It was originally built at an established grade which had remained in *status quo* until the advent of the Thruway. The claimant's property, none of which was appropriated for the project, was bounded on the east by Central Park Avenue and on the property were ten apartment buildings, four garages and a building with four stores. The property and the avenue were on approximately the same grade level. The New York State Thruway was constructed through Central Park Avenue and in front of claimant's property. The appropriated part of the street was elevated 6½ feet–11 feet above the former grade level. In the remaining part of the avenue on each side of the Thruway there were constructed service roads, the one in front of the claimant's property being known as Central Park Avenue South. The claim was for damages to the property as a result of the change of grade for Thruway construction. The State contends that the law and the facts do not warrant a finding of liability against the State and further that any diminution of value was not due to a change of grade but diversion of traffic and incon-

venience of access. There was substantial evidence in the record to sustain the finding of the court that a change of grade diminished the value of the claimant's property. The quantum of the award is not contested and in any event is warranted from the proof presented. As to the law, the State relies mainly upon subdivision 14 of section 347 of the Highway Law which fixes the liability of the State for any damages caused by Thruway construction. That part of the section claimed to be pertinent here reads as follows: " If the work of constructing, reconstructing and maintaining such state thruways and bridges thereon causes damage to property not acquired as above provided, the state shall be liable therefor, *but this provision shall not be deemed to create any liability not already existing by statute*" (emphasis supplied). It is well-established law that a change of grade in a highway may be made by public authorities without liability to adjacent property owners unless there is a statutory provision for an award of damages. (*Raymond* v. *State of New York*, 4 A D 2d 62, affd. 4 N Y 2d 961.) Section 99 of the Second Class Cities Law, the City of Yonkers being in such category, provides that the grade of a street having been legally established, if thereafter changed, requires the payment of compensation for damages done. It is apparent from this section that if the City of Yonkers had performed the work, it would have been liable in damages to the claimant but the claimant never had a legal claim against the city, admittedly the work which caused the change of grade was done under the direction and supervision of the State of New York. The court below found that under the provisions of the Highway Law it was sufficient that the City of Yonkers would have been liable had it caused the change of grade and that the claimant need not actually have a claim against the city. The State having caused the change of grade, it assumed liability. It was not the intendment of the law to absolve the State from liability under such circumstances. *Counihan* v. *State of New York* (18 Misc 2d 514, 518) involved the identical situation with reference to the Highway Law and the City of Yonkers and there an award was sustained in favor of the claimant. *Askey & Hager* v. *State of New York* (240 App. Div. 451, affd. 266 N. Y. 587) and relied upon by the State, is not controlling as in that case it was determined that the claimant had a pre-existing claim against the City of Buffalo and further the wording of the statute which controlled was different than in the present case. Appellant further contends that in any event the damages were not the result of the change of grade but as the result of a diversion of traffic and inconvenience of access. While all of these factors are closely correlated, there was proof in the record from which the court could find that it was the change of grade which caused the diminution in the value of the property and under such circumstances we cannot say such a finding was error. Judgment unanimously affirmed, with costs. [20 Misc 2d 33.]