Charles T. Major, J.
These claims were filed to recover damages for the diminution of the value of the claimants ’ property caused by the change of grade in front thereof. The State made no physical appropriation and filed no appropriation map.
Prior to and on March 18, 1957 Barmo Realty Corp. was the owner in fee of the property abutting on the west side of the two hundred block of North Salina Street in the City of Syracuse, New York. The lot had a frontage of 25 feet on North Salina Street, the same in the rear and 100 feet deep. The land was improved by a three-story brick building on a stone foundation 25 feet wide on North Salina Street and 66 feet deep. Claimant, Nathan Herzog, was the lessee of a store on the first floor of the building.
*1069 Prior to March 18, 1957 the front entrance of the claimants’ property was approximately at the level of the travelled portion of North Salina Street, which had been maintained at the same level in front of claimants ’ premises for many years.
The State of New York commenced a highway project known as Oswego Bonlevard-City of Syracuse Arterial, which involved the lowering of North Salina Street in front of claimants’ property. Plans for this project were submitted by the State to the City of Syracuse and were duly approved and adopted by the Common Council on March 14,1955 and approved by the Mayor of the City of Syracuse on March 17, 1955.
After the completion of the work in the area of claimants’ property, the grade of North Salina Street was 2.9 feet lower at the south edge and 5.2 feet lower at the north edge of claimants ’ property. A concrete wall was erected at the curb line and a four-rung metal rail fence 3 feet 3 inches in height was constructed on top of the wall. This concrete wall with fence thereon extends across the entire front of the claimants’ property.
The Second Class Cities Law applies to the City of Syracuse and section 99 thereof provides as follows:
‘ ‘ § 99 Alteration of grades and names of streets. The grade of any streeet shall not be fixed or established except by direction of the common council. The grade of a street heretofore or hereafter legally established shall not be changed, except by direction of the common council, and except also upon compensation for damages done, to be ascertained in and by the proceedings provided by law for ascertaining damages for lands taken for the opening of streets.”
The words “ legally established ” in this section do not refer only to a grade established by an ordinance of the Common Council but include also a grade established by usage, acquiescence and recognition without formal ordinance. (Cook v. State of New York, 176 Misc. 947, affd. 267 App. Div. 847; Solkat Realty Corp. v. State of New York, 172 Misc. 981, affd. 262 App. Div. 944, affd. 288 N. Y. 547; Folmsbee v. City of Amsterdam, 142 N. Y. 118; Matter of Whitmore v. Village of Tarrytown, 137 N. Y. 409.)
The plans of the State of New York for the reconstruction of the street in front of claimants ’ property were approved by the City of Syracuse and the State assumed the city’s liability. (Counihan v. State of New York, 18 Misc 2d 514; Highway Law, § 30, subd. 15.)
The grade of North Salina Street was legally established by usage, acquiescence and recognition. In addition thereto pave *1070 ments and curbing were constructed, underground water and sewer pipes and other utilities installed and were maintained for a long period of years. The State of New York is liable for damages caused by the change of grade of North Salina Street in front of claimants ’ property.