Bergan, J. (dissenting).
Resolution of the legal problem in this case seems possible on the line of a simple form of syllogism: the statute requires compensation for damage done by a change of grade of a street; the unreversed finding of the Court of Claims is that the street grade was changed; there is some uncontradicted proof of damage to claimant attributed solely to the change in street grade.
It is conceded by the State that the statute (Second Class Cities Law, § 99) applicable to this Syracuse street requires “ compensation for damages done ” in changing the “ grade of a street ” and this section must be read with subdivision 15 of section 30 of the Highway Law. (Mirro v. State of New York, 260 App. Div. 525, affd. 285 N. Y. 678.)
*1008 A number of factual findings that there had been a change in street grade were made by the Court of Claims. These findings were not reversed, or even referred to, by the Appellate Division’s order which was expressly addressed to the finding of damages sustained by claimant from the change of grade. The Appellate Division’s memorandum indicated the court believed no such damage had been established.
But there is opinion evidence in the record that, eliminating all other elements which the Appellate Division held inapplicable, and on the basis of a change of grade alone, claimants had been damaged. This evidence, which is not factually disputed, could not be entirely disregarded by the Appellate Division as though it were not in the record.
The decision in Selig v. State of New York (10 N Y 2d 34) did not hold, and could not in view of the statute have held, that, if there were a change of grade and resulting damage, there could not be a recovery. It held, rather, there were no damages established by virtue of a change in grade. That is not this case and the statute mandates 1 ‘ compensation for damages done ” by a change in grade. The order should be reversed and the judgment of the Court of Claims reinstated.