In the Matter of WALTER J. LAWRENCE, Respondent, against VILLAGE OF MAMARONECK, Appellant.

In the Matter of SAMUEL COHEN et al., Respondents, against VILLAGE OF MAMARONECK, Appellant.

(Argued January 23, 1934; decided February 27, 1934.)

*Anthony Sansone* for appellant. Under the Village Law (Cons. Laws, ch. 64) damages to real property arising out of a change of grade shall be a charge upon the municipality chargeable with the maintenance of the street or highway in question. (Cons. Laws, ch. 64, § 159, subd. 2; Cons. Laws, ch. 25, § 170.)

*Sidney A. Syme* for Walter J. Lawrence, respondent. The repeal of section 172 of the Highway Law (Cons. Laws, ch. 25) is not material. (*Van Dyne* v. *Village of Seneca Falls*, 227 App. Div. 140.) The village of Mamaroneck is solely responsible to the petitioner for any damages for the change of grade in front of the petitioner's property. (*Matter of Rogers* v. *Village of Cato*, 188 App. Div. 813; *Matter of Dupont*, 217 N. Y. 612; *Matter of Barnes*, 216 N. Y. 646; *Matter of Moulton*, 167 App. Div. 953; 216 N. Y. 647.) Statutory construction demonstrates that the policy of the law that a village is responsible for the maintenance of its streets has not been changed. (*Matter of Dupont*, 217 N. Y. 612; *Matter of Barnes*, 216 N. Y. 646; *Matter of Moulton*, 216 N. Y. 647; *Matter of Torge* v. *Village of Salamanca*, 176 N. Y. 324; *Matter of Youker*, 217 App. Div. 347.)

*John J. Bennett, Jr., Attorney-General* (*Charles E. McManus* of counsel), for Commissioner of Highways of the State of New York. The village is liable for a change of grade in the construction or reconstruction of a State or county highway within a village. (*Matter of Barnes*, 216 N. Y. 646; *Matter of Moulton*, 216 N. Y. 647; *Matter of Dupont*, 217 N. Y. 612.) The amendments to section 170 of the Highway Law by Laws of 1929, chapter 459,

do not place liability for change of grade in village streets upon the State and relieve villages from such liability pursuant to section 159 of the Village Law. (*Warner* v. *State*, 132 App. Div. 611; *Matter of City of Utica*, 73 Hun, 256; *Denton* v. *State*, 72 App. Div. 248; *People* v. *Coler*, 166 N. Y. 1; *Hunter* v. *Pittsburgh*, 207 U. S. 161; *Tice* v. *Atlantic Constr. Co.*, 52 App. Div. 284; *People ex rel. Carlisle* v. *Bd. of Supervisors*, 217 N. Y. 424; *Allen* v. *Village of Holley*, 226 App. Div. 294.)

*Enos Throop Geer* for Samuel Cohen et al., respondents. The first separate and distinct defense in appellant's answer was properly stricken out. (*Matter of Torge* v. *Village of Salamanca*, 176 N. Y. 324; *McMullen* v. *Village of Marlborough*, 163 App. Div. 73; *Matter of Barnes*, 216 N. Y. 646; *Matter of Moulton*, 216 N. Y. 647; *Matter of Dupont*, 217 N. Y. 612; *Village of Hudson Falls* v. *State*, 111 Misc. Rep. 304.)

CRANE, J. " Under the settled law of this state damage caused to an abutter by a change of the grade of a street by the municipal authorities was *damnum absque injuria.* (*Radcliff's Exrs.* v. *Mayor, etc., of Brooklyn*, 4 N. Y. 195; *Heiser* v. *Mayor, etc., of N. Y.*, 104 N. Y. 68.) The hardship of this rule, however, was early appreciated and legislation was passed to secure abutters who improved their property on the faith of the established grade of a street from alteration of that grade without compensation. So, in 1883, a statute (Chap. 113) enacted that whenever the grade of any street or highway in any incorporated village should be changed so as to injure or damage the buildings or real property adjoining such highway, the owners thereof might apply to the Supreme Court for the appointment of three commissioners to ascertain and determine their damages, which damages should be a charge on the village, town or other municipality chargeable with the maintenance of the street or highway so altered or changed."

These words are taken from the opinion of this court in *Matter of Torge* v. *Village of Salamanca* (176 N. Y. 324, 327), decided in 1903.

Chapter 113 of the Laws of 1883 reads as follows:

" Section 1. Whenever the grade of any street, highway or bridge in any incorporated village in this state shall be changed or altered so as to interfere in any manner with any building or buildings situate thereon, or adjacent thereto, or the use thereof, or shall injure or damage the real property adjoining such highway so changed or altered, the owner or owners of such building or real estate may apply to the supreme court in the judicial district in which such property is situated for the appointment of three commissioners to ascertain and determine the amount of damage sustained thereby; due notice of such application shall be given to the person or persons having competent authority to make such change or alteration.

\*     \*     \*     \*     \*     \*     \*

" § 3. All damages ascertained and determined under the provisions of this act, together with the costs of such proceedings, shall be a charge upon the village, town or other municipality chargeable with the maintenance of the street, highway or bridge so altered or changed.

\*     \*     \*     \*     \*     \*     \* "

These provisions have been carried forward into the Village Law (Cons. Laws, ch. 64, § 159, subd. 2), so that from 1883 down to date a village has been liable to an abutter for the damage done by change of grade of the highway, unless the Legislature intended to modify this law by chapter 459 of the Laws of 1929.

The liability of the village does not seem to have been made dependent upon that part of the statute relating to the maintenance of the street. The liability and the payment of damages appear to have been distinct considerations. All damages, it is said, shall be a charge upon the village, town or other municipality chargeable

with the maintenance of the street, highway or bridge so altered or changed. At no time do we find a village solely chargeable with the maintenance of all streets, highways or bridges within its precincts. Prior to the enactment of chapter 459 of the Laws of 1929, section 172 of the Highway Law (Cons. Laws, ch. 25) provided that each town for the maintenance and repair of the State and county highways must pay fifty dollars for each mile or major fraction of a mile of the total mileage of State and county highways within the town. It further provided that each incorporated village for such maintenance and repair should pay at the rate of one and one-half cents for each square yard of pavement of these improved highways maintained by the State within the corporate limits.

The claim of the appellant is that the cases which sustained the liability of the village for damages caused through change of grade were based upon the theory or the fact that the village was chargeable with the maintenance of the highway changed. None of the cases establishing the village's liability considered this the determining factor. (*Matter of Torge* v. *Village of Salamanca, supra; McMullen* v. *Village of Marlborough*, 163 App. Div. 73; *Matter of Barnes* [*Cuba Village*], 216 N. Y. 646; *Matter of Moulton* [*Cuba Village*], 216 N. Y. 647.) From a reference to the Appellate Division decision in these cases against Cuba Village (167 App. Div. 953), it will be seen that the attention of the court was particularly called by the dissenting opinion to the fact that the village was not chargeable with the maintenance of the highway in question, yet the Appellate Division and this court upheld the liability of the village for the damages caused by the change of grade. (See, also, *Matter of Dupont* [*Village of Port Henry*], 217 N. Y. 612.)

At no time was the village ever charged with the full cost and maintenance of State highways within its territory but was only required to pay for their mainte-

nance and repair a fixed rate of one and one-half cents for each square yard of surface of such improved highway, although the cost of the maintenance and improvement to the State might have far exceeded this fractional assessment. For nearly fifty years the law as well as the policy of this State has been to charge the villages with the damage caused by the change of grade in a highway.

The appellant claims, however, that in 1929 a change was made in the Village Law by indirection or by implication which not only relieved the villages of this burden but failed to provide any other relief for the abutting owner damaged by change of grade of a State or county highway. We do not understand that chapter 459 of the Laws of 1929, repealing section 172 of the Highway Law, and amending section 170, caused any such change in section 159, subdivision 2, of the Village Law. This amendment relieved the villages of the duty to pay anything toward the cost and maintenance of State and county highways. The maintenance and repair of improved State and county highways in towns and incorporated villages, by chapter 459 of the Laws of 1929, came under the direct supervision and control of the Superintendent of Public Works and he became responsible therefor. The cost of such maintenance and repair is to be borne wholly by the State and to be paid for from moneys appropriated therefor by the Legislature. This did not, however, change, nor was it intended to change, the provisions of section 159 of the Village Law regarding the liability of villages for the change of grade in such highways. True it is that the clause in this section saying that all damages ascertained shall be a charge upon the village, chargeable with the maintenance of the highway so altered or changed, creates some confusion in the law. The village was never chargeable with the whole cost of the maintenance and repair of State and county highways. Perhaps for this reason the clause

was of little effect. Now the cost and maintenance are placed entirely upon the State. The appellant reasons that by this change the village of Mamaroneck as well as other villages is relieved not only of this burden of maintenance and repair but of liability for change of grade. This change in the Village Law, if it is to be made, results from implication, not from direct repeal. Never was it the intention of the Legislature to accomplish such a purpose, and, after fifty years of a remedial right to an abutting owner, to leave him without any remedy. It is conceded that unless the village pays for the damage caused by change of grade, neither the State, county nor town is liable; the abutting owner is without remedy. Had the Legislature intended this complete turn-about in public policy and this radical change in the law it would have said so directly and specifically, not leaving the repeal to inference or implication.

A reference to chapter 365 of the Laws of 1931, which added a new subdivision to section 159 of the Village Law, indicates that the Legislature considered the other provisions of section 159 as still in force and effect. In 1932 a bill was introduced in the Assembly "repealing subdivision two of section 159 of the Village Law, relating to damages sustained in changing the grade of streets, highways and bridges in villages." (Assembly Bills, 1932, No. 1563, Int. No. 1430.) This act was passed in both houses but was vetoed on March 30, 1932, by Governor Roosevelt. If we look for the intention of the Legislature as an interpretation of its acts, we find here a clear indication that, in the enactment of chapter 459 of the Laws of 1929, the Legislature never considered that it had repealed the provisions of section 159 of the Village Law, subdivision 2, or had in any way modified the liability of villages for damage to abutting owners caused by the change of grade in State highways. Until the Legislature by clear and unmistakeable language takes away the relief and remedy which it has afforded for so

many years to abutting property owners in such cases we shall adhere to the provisions of section 159 of the Village Law as giving relief, even though the amendment of section 170 and repeal of section 172 of the Highway Law have lifted the responsibility of villages for the partial maintenance and repair of State highways.

The Appellate Division, in *Matter of Lawrence*, has certified this question:

(1) " Is the village of Mamaroneck, in this case, liable for damages, if any, to the Lawrence property, for a change of grade of a public highway known as the Boston post road, in said village, under section 159, subdivision 2 of the Village Law and the provisions of the Highway Law and Village Law applicable thereto? "

(2) In *Matter of Samuel Cohen*, a companion case, the Appellate Division has certified this question: " Is the first, separate and distinct defense contained in the answer of the village of Mamaroneck herein sufficient in law? "

This defense referred to raises the question of law which we have above discussed, in that it sets forth the statutes and says that the village of Mamaroneck is no longer liable for maintenance and repair and consequently not liable for change of grade.

The question in the *Lawrence* case we answer in the affirmative. The question in *Matter of Samuel Cohen* we answer in the negative, which leads to an affirmance of both of the orders of the Appellate Division.

We may say that the facts have not here been presented as they are not in dispute. The State highway in the village of Mamaroneck, the Boston post road, was elevated, the grade was changed so as to shut off access to the property of abutting owners, all to their damage. They applied under the Village Law for the appointment of commissioners, and the orders making the appointment were affirmed by the Appellate Division, that court, however, certifying the above questions to us.

The order of the Appellate Division in each of these

cases should be affirmed, with costs; the question certified in the *Cohen* case answered in the negative and the question certified in the *Lawrence* case answered in the affirmative.

POUND, Ch. J., LEHMAN, O'BRIEN, HUBBS and CROUCH, JJ., concur; KELLOGG, J., not voting.

Ordered accordingly.