In the Matter of the Application of WILLIAM BAKER and Another, Petitioners, for a Mandamus Order against THE MAYOR AND COMMON COUNCIL OF THE CITY OF ELMIRA, County of Chemung, State of New York, Defendants.

Supreme Court, Chemung County, July 16, 1935.

*Cahill & Tanner,* for the application.

*Philip E. Lonergan, Corporation Counsel [Cornelius O'Dea* of counsel], opposed.

PERSONIUS, J. In brief, the petitioners ask for a peremptory mandamus order directing the mayor and common council of the city of Elmira to appraise and pay the damages to petitioners' property alleged to have been caused by a change in street grade. Passing the objection that the petition is insufficient and particularly that vital facts are alleged in the alternative, we consider the merits.

The petition alleges that the petitioners are the owners of a valuable mercantile block located on the northeast corner of East Water street and Railroad avenue, public streets of the city of Elmira; on information and belief, that the Erie Railroad Company and said city made and executed plans whereby a change of the street grades was effected; that in September, 1933, the " excavation and construction ·work was commenced by said city and/or the

said Erie Railroad Company with the approval and/or consent of said city;" that said change of grade and the accompanying elevation of the Erie railroad tracks interfere with access to the first floor of their building on the sidewalk level and their right and easement to unobstructed light and air.

The defendants answer, among other things, that the change of grade and elevation of the Erie railroad tracks were the acts of the State of New York and the said Erie Railroad Company under chapter 678 of the Laws of 1928 and amendments thereto (McKinney's Unconsol. Laws, Supp. p. 160 *et seq.*), known as the Grade Crossing Elimination Law, and " that none of said things and acts were done and performed by the said city of Elmira." This is not controverted by the petitioners. The facts are matter of record. We think there is no dispute of any material fact. The project was a grade crossing elimination, planned, ordered and carried out under the Grade Crossing Elimination Law.

The petitioners recognize the rule that at common law " damage caused to an abutter by a change of the grade of a street by the municipal authorities was *damnum absque injuria,*" and that the right to recover damages therefor must be supported by some statute. (*Matter of Lawrence* v. *Village of Mamaroneck,* 263 N. Y. 455, 457; *Matter of Grade Crossing Commissioners,* 201 id. 32.) It is not and cannot be claimed that the Grade Crossing Elimination Law gives these petitioners any right of recovery against the city of Elmira.

The petitioners base their claim upon article VII of the charter of the city of Elmira (Laws of 1906, chap. 477) and particularly upon sections 80 *et seq.*

By section 77 of the charter the common council is made commissioners of highway. Section 80 provides: " *Whenever the common council shall intend* to * * * alter * * * any street * * * and the lands of any person, or corporation or any right or easement therein will be necessary for that purpose * * * it shall declare by resolution its intention to take and appropriate the said property,*" etc. (Italics ours.) Then follow provisions for the purchase of such lands, if possible, otherwise the acquisition of title by court proceeding and the payment therefor by assessing benefits against property or otherwise. In other words, the article provides for the acquisition of property, rights and easements *when the city, acting through the common council, determines to lay out, alter or widen a street.*

If article VII of the charter was intended by the Legislature to require the city to pay damages caused by a change of street grade, it need not have enacted the special acts authorizing payment of

damages caused by such changes. (Laws of 1901, chaps. 42, 563 and 571.) But without determining the question as to whether a change of grade is an alteration, within the meaning of the charter, we assume it to be and we assume that the property, rights and easements of the petitioners were impaired. Nevertheless, the charter gives the petitioners no right to demand damages from the city. That article applies only when the common council *intends* to take property and has declared " by resolution its intention." Concededly the common council took no action whatever in connection with the project which caused the petitioners' damage, if any. The common council had no authority to act in the premises. It made no attempt to act. It paid no part of the cost. The project was carried out by the State, acting through the Public Service Commission, and in conformity to plans approved by it. The city could co-operate but not order. It could resist but not prevent.

In enacting the charter the Legislature intended to authorize the city *on its own initiative* to acquire property for necessary street purposes, upon payment therefor. The Legislature indicated no intent to require the city to compensate an owner for rights or easements taken by the State under the Grade Crossing Elimination Law. The petitioners argue that the Legislature could direct a city, even against its will, to change the crossing of a railroad over a highway and compensate abutting owners for rights involved. (*Smith* v. *Boston & Albany Railroad Co.*, 181 N. Y. 132, 145.) Perhaps it could but the answer is it did not.

The petitioners are asking the court to mandamus the common council and mayor of the city to perform illegal acts, namely, to appraise their damage and negotiate an adjustment, or otherwise comply with the provisions of article VII of the charter. If the common council or the city had exercised their discretionary (not ministerial) authority and taken any of the petitioners' rights or easements, perhaps it or they might be ordered to act, but neither have done so. Whatever was done was done by the State in co-operation with the railroad. Any remuneration to which the petitioners are entitled is provided for, as is the method of obtaining it, by the Grade Crossing Elimination Law. If, as they claim, that law does not provide for the payment of their alleged damages, such omission does not cast the burden on the city of Elmira. The injury must remain as at common law *damnum absque injuria.*

The petitioners cite *Matter of Lawrence* v. *Village of Mamaroneck* (263 N. Y. 455) and similar cases, where an abutting owner has recovered from a village. In each of those cases, recovery was had under statutory authority, namely, subdivision 2 of section 159

of the Village Law. It applies "whenever the grade of any street * * * shall be changed or altered," whether by the village or otherwise. In the present case there is no such statute.

We may agree that the Legislature should make provision to compensate abutting owners for change of grade but we cannot agree that the charter of the city of Elmira does so in this case. If so, cities which have no similar provision in their charter would escape liability, while those which have would be compelled to pay even when the State caused the damage.

Application denied, with costs.