In the Matter of the Petition of WILLARD DELONG and MABEL DELONG, Petitioners, for the Determination of the Amount of Damages Sustained by Them by Reason of the Change of Grade of the Public Highway Known as Main Street in the Village of Phœnix, Oswego County, New York.

In the Matter of the Petition of MABEL LINDSLEY, Petitioner, for the Determination of the Amount of Damages Sustained by Her by Reason of the Change of Grade of the Public Highway Known as Main Street in the Village of Phœnix, Oswego County, New York.*

VILLAGE OF PHŒNIX, Respondent.

Supreme Court, Oswego County, March 21, 1941.

---

* Affd., 262 App. Div. 952.

*Costello, Cooney & Fearon,* for the petitioners.

*Charles F. Sauers,* for the respondent.

CROSS, J. The petitioners ask this court to appoint commissioners to ascertain and determine the amount of damages sustained by them and to recover from the village of Phœnix the amount of such damages, arising out of a change of grade in a street which their property abuts in said village. The change of grade was made in connection with the reconstruction of a highway known as New York State Highway No. 5276, along a street within the corporate limits of the village of Phœnix.

Liability of the village depends upon the construction of subdivision 2 of section 159 of the Village Law of the State of New York. The facts are not in dispute, in so far as the determination of this motion is concerned.

The salient facts may be summarized as follows: The State Highway Department, prior to the year 1939, commenced plans for the improvement of State Route No. 57, including that portion which passes through the village of Phœnix. Thereafter, by resolution, dated January 17, 1939, the board of trustees of the village of Phœnix petitioned for the widening of the highway on Main street between Volney street and Stowell's Crossing. Acting upon this petition, the board of supervisors of the county of Oswego on April 4, 1939, by a resolution introduced by Supervisor Thad R. Siver of the town of Schrœppel, in which the village of Phœnix is situated, requested the State Department of Public Works, pursuant to section 59 of the Highway Law, for a widened pavement over the aforementioned distance. Before passing this resolution, however, the board of supervisors of the county of Oswego required indemnity against the cost of such increased pavement in the form of a resolution of the board of trustees of the village of Phœnix, pursuant to section 49 of the Highway Law.

On August 24, 1939, the board of supervisors passed a second resolution, appropriating the sum of $38,000 to cover the cost of the additional width of the highway. At this time the county

was protected by reason of the resolution of the board of trustees of the village of Phœnix.

Work was commenced on the project during 1940. The roadway in front of petitioners' premises was torn up, grade lowered, and the banks at the side of the road were cut back in order to widen the paved portion of the highway. As a result, petitioners' driveways were torn up and a steep bank was left at the side of the road in front of petitioners' premises, where formerly there had been a gradual incline from the street to petitioners' premises. Consequently, petitioners have been unable to use their driveways with safety.

In order to properly grade the driveways for use, it will be necessary to lower also the sidewalk in front of the premises. Lowering of the sidewalk would in turn necessitate destruction of the trees in front of petitioners' premises. Petitioners have found it necessary to cut down one of such trees in an attempt to render the driveways usable.

It is petitioners' contention that by reason of the change of grade so effected, the value of their premises has greatly diminished. Each claims damage in the sum of $2,500.

Subdivision 2 of section 159 of the Village Law provides:

" Whenever the grade of any street, highway or bridge in any incorporated village in this State shall be changed or altered so as to interfere in any manner with any building or buildings situate thereon, or adjacent thereto, or the use thereof, or shall injure or damage the real property adjoining such highway so changed or altered, the owner or owners of such building or real estate may apply to the Supreme Court in the judicial district in which such property is situated for the appointment of three commissioners to ascertain and determine the amount of damage sustained thereby;

" * * * All damages ascertained and determined under the provisions of this subdivision, together with the costs of such proceedings, shall be a charge, when allowable, upon the village, town or other municipality chargeable with the maintenance of the street, highway or bridge so altered or changed; * * * "

The village contends that the amendments to subdivision 2 of section 159 by chapter 294 of the Laws of 1936 and chapter 563 of the Laws of 1938 relieved it of liability under the existing circumstances. These amendments provide: " This subdivision shall not apply to the change of grade of streets, highways or bridges by village authorities nor to the change of grade, made by the State, of a bridge or State highway, which is under the exclusive control, supervision or jurisdiction of the State, nor to the change of grade, made by a county, of a bridge or county highway, which is under the exclusive control, supervision or jurisdiction of the county."

Petitioners maintain that the decision of this application turns upon the sole question as to whether or not this highway is under the " exclusive control, supervision or jurisdiction of the State."

The village maintains that the decision of this application turns upon the question of whether or not the amendments of 1936 and 1938 to subdivision 2 of section 159 of the Village Law effected a repeal of the previously existing statutory liability resting upon villages for change of grade of streets, to the extent that liability against villages no longer exists, irrespective of what agency, village, county or State, changed the grade on a State highway, *which change of grade* was under the " exclusive control, supervision or jurisdiction of the State " or under the " exclusive control, supervision or jurisdiction of the county."

The case of *Matter of Lawrence* v. *Village of Mamaroneck* (263 N. Y. 455 [1934]) is cited by both petitioners and the village as a background in aid of the solution of the instant question. An examination of the opinion in that case indicates that it was the law of this State, prior to the enactment of chapter 113 of the Laws of 1883, that damage caused to an abutter by a change of the grade of a street by the municipal authorities was *damnum absque injuria.*

Chapter 113 of the Laws of 1883 reads as follows:

" Section 1. Whenever the grade of any street, highway or bridge in any incorporated village in this State shall be changed or altered so as to interfere in any manner with any building or buildings situate thereon, or adjacent thereto, or the use thereof, or shall injure or damage the real property adjoining such highway so changed or altered, the owner or owners of such building or real estate may apply to the Supreme Court in the judicial district in which such property is situated for the appointment of three commissioners to ascertain and determine the amount of damage sustained thereby; due notice of such application shall be given to the person or persons having competent authority to make such change or alteration. * * *

" § 3. All damages ascertained and determined under the provisions of this act, together with the costs of such proceedings, shall be a charge upon the village, town or other municipality chargeable with the maintenance of the street, highway or bridge so altered or changed. * * *."

Quoting from the opinion in the *Mamaroneck* case, we find that " These provisions have been carried forward into the Village Law (Cons. Laws, ch. 64, § 159, subd. 2), so that from 1883 down to date a village has been liable to an abutter for the damage done by change of grade of the highway, unless the Legislature intended to modify this law by chapter 459 of the Laws of 1929."

In that case it was claimed by the village that chapter 459 of the Laws of 1929 operated indirectly and by implication as a repeal of the law then existing as to the liability created by the Laws of 1883. The village urged that the liability of villages for damages caused through change of grade was based upon the theory or fact that the village was chargeable with the maintenance of the highway changed. The 1929 amendment made the cost of maintenance and repair of State and county highways in towns and incorporated villages a charge to be borne wholly by the State, instead of as formerly when villages were chargeable partially with such cost. The village maintained that this change in the law worked by implication a repeal of the liability of the village for a change in the grade of a State highway within the village.

CRANE, J., writing for the court, said: " Never was it the intention of the Legislature to accomplish such a purpose, and, after fifty years of a remedial right to an abutting owner, to leave him without any remedy. It is conceded that unless the village pays for the damage caused by change of grade, neither the State, county nor town is liable; the abutting owner is without remedy. Had the Legislature intended this complete turn-about in public policy and this radical change in the law it would have said so directly and specifically, not leaving the repeal to inference or implication."

Again, in the course of the opinion (at pp. 461, 462), the court said: " Until the Legislature by clear and unmistakable language takes away the relief and remedy which it has afforded for so many years to abutting property owners in such cases we shall adhere to the provisions of section 159 of the Village Law as giving relief, even though the amendment of section 170 and repeal of section 172 of the Highway Law have lifted the responsibility of villages for the partial maintenance and repair of State highways."

The Legislature must be presumed to have had in mind the existing law and the decision of the court in the *Mamaroneck* case when it amended subdivision 2 of section 159 of the Village Law by chapter 294 of the Laws of 1936 and by chapter 563 of the Laws of 1938.

The question here is whether or not the change of grade, made at the instigation of the village, was under the exclusive control, supervision or jurisdiction of the State. I think not.

Section 46 of the Highway Law provides: ' " * * * A State highway within a village shall be of the same width and type of construction as the highway outside of the village which connects with the highway within the village, *unless a greater width or different type of construction is desired by the municipality,* in which case

the board of trustees of such village shall by resolution petition the Department of Public Works to provide the width and type of construction desired. The additional expense caused by the increased width or different type of construction or both shall be borne wholly by the village." (Italics mine.)

Reading further in this section, we find that such additional width of highway requires not only the approval of the Department of Public Works, but also that the plans and specifications therefor, after such approval, must be submitted to the board of trustees of the village for its approval.

Similar provisions requiring the joint approval of the State and of the town, county or village, as the case may be, of plans for the widening of a State highway run through sections 46, 47, 48, 49 and 59 of the Highway Law.

Reading these sections commencing with section 46 of the Highway Law, the intention is evident that the State shall have exclusive control, supervision or jurisdiction of any change of grade on a State highway within a village, to the extent only that it shall be of the same width and type of construction as the highway outside of the village which connects with the highway within the village. The intent of the law is equally evident that in these instances where the village desires a greater width or different type of construction, the State's exclusive control, supervision or jurisdiction cannot be said to apply to this additional width of highway and any change of grade resulting therefrom.

I, therefore, conclude that the village is not exempt from liability for damages upon the state of facts here presented, by reason of the 1936 and 1938 amendments to the Village Law and that liability exists. This construction gives a reasonable meaning to the language of the Legislature in the enactment of these amendments and harmonizes with that public policy which, ever since 1883, has afforded a remedy to an abutting owner for damage caused by change of grade of streets and highways in incorporated villages.

The court designates the following commissioners to act in the matter: Harry C. Mizen, Oswego, N. Y.; Edward A. Wolff, Rome, N. Y.; Ward B. Edwards, 1508 Howard avenue, Utica, N. Y.

Prepare formal order accordingly.