Richard J. Cardamone, J.
The claimant, Bussell Lohmann, has petitioned the court for the appointment of Commissioners in order to determine damages arising as a result of a change of grade in a State highway, pursuant to the provisions of section 159 of the Village Law.
New York State Boute 5-S is a State highway running in a generally easterly and westerly direction through the Village of Mohawk, Herkimer County, New York. The said highway is known as Bast Main Street in the Village of Mohawk and the petitioner owns a house and lot on the south side of this highway. West Main Street is a public street which has been accepted by the village. In the Fall of 1964, the grade of West Main Street in front of the claimant’s property and the surface of the public sidewalk on the south side of Main Street were raised by approximately four feet which the claimant claims has caused him damages in the amount of $8,500. The requisite notice and other requirements of section 159 have been timely met by the claimant.
The defendant, Village of Mohawk, alleges that the State of New York let a contract for the construction of a new bridge on Boute 5-S over Fulmer Creek which construction necessitated an increase in the grade of Boute 5-S for some distance both east and west of the creek. The village claims the plans for the bridge and the necessary change of grade were designed by the State Department of Public Works, property needed to complete the project was appropriated by the State, and the entire project was under its supervision. Payment for the work done was made by the State. The village in no way participated in the bridge design or in the construction; nor was their *373 approval ever asked or given to this project; nor were any village funds expended upon it. The village contends that the exclusive control, supervision and jurisdiction of the entire project and of the highway in question was with the State of Mew York and not with the Village of Mohawk.
These facts are not in dispute.
Section 159 of the Village Law provides in subdivision 1, that if a village has exclusive control and jurisdiction of a street or bridge, that it may change the grade, and, if such change injuriously affects any building or land adjacent thereto, such change of grade shall be deemed a taking of the adjacent property for public use. In subdivision 2, it is provided that all damages ascertained shall be a charge upon the village chargeable with the maintenance of the street, highway or bridge so altered or changed. This was the state of the law from 1883 down to and including 1936. Prior to the enactment of the Village Law, an abutting landowner had no remedy for a change in grade in a street adjacent to his property. The damage caused to the abutter was damnum absque injuria. Later, changes in the Highway Law relieved villages of the burden to pay anything toward the cost and maintenance of State highways. The maintenance and repair of State highways in villages became the obligation of the State.
In 1934, Matter of Lawrence v. Village of Mamaroneck (263 N. Y. 455) was decided. The real issue facing the Court of Appeals in Matter of Laiorence v. Village of MamaronecJc, was whether this change in the Highway Law by implication also relieved the village of its liability under subdivision 2 of section 159 of the Village Law to pay for damages caused an abutting owner for a change in grade. The court refused to read such a change into long-established rights granted by the Legislature by implication. In holding the village liable to the abutting owner for a change in grade, the court noted that to do otherwise would leave the abutting owner without any remedy whatsoever (pp. 461-462).
In 1936, by chapter 294 of the Laws of 1936 there was added to subdivision 2 of section 159 of the Village Law the following: “ This subdivision shall not apply to the change of grade of streets, highways or bridges by village authorities nor to the change of grade, made by the state, of a bridge or state highway, which is under the exclusive control, supervision or jurisdiction of the state ”. Again, in 1938, by chapter 563 of the Laws of 1938, the Legislature made the following amendment to subdivision 2 of section 159: 11 nor to the change of grade, made by a county, of a bridge or county highway, which is under the *374 exclusive control, supervision or jurisdiction of the county”. That is the present language of subdivision 2 of section 159.
It is of significance to note that the same Legislature which in 1936 amended the Village Law (§ 159, subd. 2) also enacted chapter 63 of the Laws of 1936 (the revised Highway Law), section 46 of which provided that a State highway may be constructed through a village and shall be of the same width and construction as the highway outside of the village. Section 46 of the Highway Law also provided that if the village wanted a greater width or different kind of construction, they should petition the State Department of Public Works and such additional expense caused by such different width or construction would be borne by the village. Section 3 of the Highway Law now provides that “ State highways are those constructed or improved under this chapter at the sole expense of the state ’ ’.
It would thus appear that the Legislature in 1936, deemed to have been aware of Matter of Lawrence v. Village of Mamaroneck, decided in 1934, shifted the liability for change of grades in villages to the State, if the State had exclusive supervision, control or jurisdiction over the project which caused the change in grade. Thus, the passing reference contained in Cimo v. State of New York (306 N. Y. 143, 147 [1953]) is an accurate statement of the law so long as the village causes the change of grade which is complained of. Where, however, the State brings about the change of grade on a village street and the village does not participate in any way whatsoever, the abutting landowner must seek compensation for the damages caused in an appropriate action in the Court of Claims and may not proceed in the Supreme Court under the provisions of subdivision 2 of section 159 of the Village Law.
The test in these cases is whether or not the change of grade was under the exclusive control, supervision or jurisdiction of the State. If it was, the action for damages must be against the State and in the Court of Claims; if not, the action is in Supreme Court against the village. (See Matter of Delong-Lindsley [Village of Phoenix], 176 Misc. 919, 923 [Supreme Ct., Oswego County, 1941], affd. 262 App. Div. 952 [Fourth Dept. 1941].)
A careful reading of all of the cases decided subsequent to the decision in Matter of Lawrence v. Village of Mamaroneck (supra) and subsequent to the amendment of subdivision 2 of section 159 of the Village Law does not reveal any inconsistencies with this conclusion. (Mirro v. State of New York, 260 App. Div. 525 [Third Dept., 1940]; Selig v. State of New York, 20 Misc 2d 33, 43 [Court of Claims, 1959].)
*375 Concededly, the construction of the bridge over Fulmer Creek and the change in grade occasioned thereby were under the exclusive supervision, control and jurisdiction of the State of New York and not of the Village of Mohawk. The only connection which the Village of Mohawk has here is that a portion of this State highway lies within the boundaries of the village itself.
The claimant has had for many years an adequate remedy for the damages sustained. This remedy has been saved, the only change being that the remedy instead of being against the Village of Mohawk is now, since 1936, against the State of New York.
Accordingly, the claimant’s application is denied.