FRANK BURO, Respondent, *v.* STATE OF NEW YORK, Appellant. (Claim No. 28954.)
(And Fourteen Other Appeals, Claims Nos. 28955–28962; 28988–28993.)

Third Department, December 30, 1952.

*Nathaniel L. Goldstein, Attorney-General (Wendell P. Brown, Solicitor-General,* and *John R. Davison* of counsel), for appellant.

*Reuben L. Haskell* for respondents.

BERGAN, J. The claimants are property owners along Atlantic Avenue in Brooklyn. Between 1941 and 1943 the State undertook to eliminate grade crossings of the Long Island Rail Road in Atlantic Avenue and to make other changes in physical conditions in this street.

Before these changes were made by the State the railroad had been maintained on its own right of way in an open cut in the middle of the street in front of the parcels of one group of claimants. The tracks were below the street level and on each side of the cut at street level was a fence four and one-half feet above the ground. On each side there was a roadway between the fence and the sidewalk.

In front of the parcels of another group of claimants. before the change the railroad occupied a ramp also physically in the middle of the thoroughfare but on its own right of way, gradually rising from a little over ten to a little over eleven feet above the street level and in turn surmounted by a four and one-half foot fence.

The changes made in these areas by the State may be described generally in terms which are not technical by saying that in the area where the tracks were below street level they were left below level; that where the tracks were on the ramp they were lowered below street level, and that in both areas the tracks were enclosed and covered by a structure which carried a new public roadway.

The sides of the new structure were masonry concrete walls faced with stone and rose from about eight to seventeen feet above the street level. The structure thus covering the tracks and carrying the new roadway was entirely on the railroad's old right of way in front of some of the parcels involved here, but in front of others it occupied relatively small portions of the public roadway at street level.

The roadway area was narrowed an average roughly of about one foot and the rest of the area of increased occupation of the street was absorbed by narrowing the sidewalk an average of about eleven feet. Two streets which had crossed Atlantic Avenue in the neighborhood, Williams Avenue and Alabama Avenue, were closed by the State's structure. There were some other minor changes in crossing facilities.

The fifteen claimants own twenty-one parcels. The structures occupying the land vary in character. One is a three-story and cellar brick three-family dwelling; one is a three-story structure with stores and apartments; one is a four-story loft building. These are typical.

The claims are based on the theory that the owners have been damaged by interference with their easements of light, air and access appurtenant to the properties by the change of grade in the structures in the street and by closing off the crossing facilities of the two avenues.

The Court of Claims has allowed damages for " the modification of the relation of the properties in question to the public way ", i.e., for diminution in value due to changes in the street; and it has denied any damage for the " mere inconvenience " involved in closing the neighboring streets.

The fifteen judgments entered, including interest, vary from $453 to $3,625.60 and total about $24,500. Both sides appeal from the adverse portions of the judgments.

It is our view of the facts that claimants have not established that they have been damaged by the State's alteration of conditions on the railroad property and in the public street. An open railroad cut, scarring the center of the street has been covered over by a modern and well-designed road structure of moderate height in one area and in another the road structure has replaced the old elevated railroad ramp.

That there may be some differences in elevation in the structures on the street or on the railroad right of way before and after the changes does not turn these claims into statutory " street elevation " cases in the sense claimants are entitled to damages whether their property has actually been injured or not. If claimants have not been hurt they are not entitled to damages on any theory.

There has been no actual taking of their property by the State and they have failed to demonstrate any active interference. The record demonstrates overwhelmingly that the appearance of the street and its general condition have been improved by what was done.

Claimants' expert witness on purported depreciation of the parcels based his opinion of diminution of values largely on the change in access due to the cutting off of the two nearby streets which crossed Atlantic Avenue, a theory of damage which we believe the Court of Claims was right in rejecting. In one instance he felt the diminution due entirely to this and he did not otherwise separate the loss he felt was due to " light and air ".

It is strongly against the weight of evidence to find that any loss was due to interference with " light and air " or that light and air accessible to the property were actually affected. It is difficult to consider the new structure as not improving both the street and the desirability and value of the structures on the street.

What is presented here is a legal " change of grade " theory unsupported by any reliable or realistic proof of damage, and we feel under no compulsion in these cases to reach far out to give substance to claims which are fitted into a classic legal and statutory theory but which in truth, as we see it, disclose neither real injury nor actionable damage.

Even without taking the opinion of the State's expert literally it would not be difficult on the examination of the exhibits and

record before us to hold there was, at least, no diminution in value. That is as far as we need go.

The judgments should be modified by reversing as much thereof on the law and the facts as award damages in favor of the claimants and otherwise they should be affirmed, without costs.

FOSTER, P. J., HEFFERNAN, COON and HALPERN, JJ., concur.

Judgments modified by reversing so much thereof on the law and the facts as award damages in favor of the claimants and otherwise they are affirmed, without costs. [See *post*, p. 930.]