16 N.Y.2d 1005 (1965)
Baldwin-Hall Co., Inc., Appellant,
v.
State of New York, Respondent. (Claim No. 35692.)
Court of Appeals of the State of New York.
Argued September 27, 1965.
Decided November 24, 1965.
Vincent A. O'Neil, George R. Fearon and Angela E. Struglia for appellant.
Louis J. Lefkowitz, Attorney-General (Jean M. Coon and Paxton Blair of counsel), for respondent.
Chief Judge DESMOND and Judges DYE, FULD and BURKE concur in MEMORANDUM; Judges VAN VOORHIS and BERGAN dissent in separate opinions in each of which the other concurs and in both of which Judge SCILEPPI concurs.
*1007 MEMORANDUM:
The order should be affirmed, without costs, on the memorandum at the Appellate Division. We make this further comment: the market value of claimant's property was probably diminished after and because of the public improvement which involved a change of grade of Oswego Boulevard on which street claimant's property fronted before any of the changes were made. However, as explained in Selig v. State of New York (10 N Y 2d 34), such damages although in a sense resulting from a change of grade are not compensable when there has been no taking of any part of the subject property and no direct physical damage thereto from any change of grade of any street. In this instance the street on which the building formerly fronted was moved to a new location some distance away, and depressed, but the building still abutted at one side on another usable street. Such damage as claimant suffered was due to circuity of access and as held in Selig there is no provision in law for recovery thereof.
BERGAN, J. (dissenting).
Resolution of the legal problem in this case seems possible on the line of a simple form of syllogism: the statute requires compensation for damage done by a change of grade of a street; the unreversed finding of the Court of Claims is that the street grade was changed; there is some uncontradicted proof of damage to claimant attributed solely to the change in street grade.
It is conceded by the State that the statute (Second Class Cities Law, § 99) applicable to this Syracuse street requires "compensation for damages done" in changing the "grade of a street" and this section must be read with subdivision 15 of section 30 of the Highway Law. (Mirro v. State of New York, 260 App. Div. 525, affd. 285 N.Y. 678.)
*1008 A number of factual findings that there had been a change in street grade were made by the Court of Claims. These findings were not reversed, or even referred to, by the Appellate Division's order which was expressly addressed to the finding of damages sustained by claimant from the change of grade. The Appellate Division's memorandum indicated the court believed no such damage had been established.
But there is opinion evidence in the record that, eliminating all other elements which the Appellate Division held inapplicable, and on the basis of a change of grade alone, claimants had been damaged. This evidence, which is not factually disputed, could not be entirely disregarded by the Appellate Division as though it were not in the record.
The decision in Selig v. State of New York (10 N Y 2d 34) did not hold, and could not in view of the statute have held, that, if there were a change of grade and resulting damage, there could not be a recovery. It held, rather, there were no damages established by virtue of a change in grade. That is not this case and the statute mandates "compensation for damages done" by a change in grade. The order should be reversed and the judgment of the Court of Claims reinstated.
VAN VOORHIS, J. (dissenting).
I concur in Judge BERGAN'S dissenting opinion and agree that the order appealed from should be reversed and the judgment of the Court of Claims reinstated. All vehicular accession to one street upon which claimant's building fronted is eliminated by change of grade. In Buro v. State of New York (306 N.Y. 730, affg. 281 App. Div. 61) and Selig v. State of New York (10 N Y 2d 34) recovery was denied for the reason that accession to the affected street was not destroyed, but was rendered less valuable due to the raising or depression of the center of the street, or the routing of traffic. In cases such as Red Apple Rest v. McMorran (12 N Y 2d 203) accession into large parking areas abutting the street was channeled by guardrails, in the interest of public safety, and damages were disallowed for the reason that "The guardrails, as erected, did not create a nonaccess highway or bar access to the premises in question but left ample room for ingress and egress." Access to one street is being entirely prevented, by this change of grade, to one street on which the property fronts, without compensation, for the reason that the property can still be reached by another street at the rear. *1009 This, in my judgment, goes beyond anything that has been held in any previous case.
Order affirmed, without costs, in a memorandum.