VanVoorhis, J. (dissenting).
I concur in Judge Bergah’s dissenting opinion and agree that the order appealed from should be reversed and the judgment of the Court of Claims reinstated. All vehicular accession to one street upon which claimant’s building fronted is eliminated by change of grade. In Buro v. State of New York (306 N. Y. 730, affg. 281 App. Div. 61) and Selig v. State of New York (10 N Y 2d 34) recovery was denied for the reason that accession to the affected street was not destroyed, but was rendered less valuable due to the raising or depression of the center of the street, or the routing of traffic. In cases such as Red Apple Rest v. McMorran (12 N Y 2d 203) accession into large parking areas abutting the street was channeled by guardrails, in the interest of public safety, and damages were disallowed for the reason that “ The guardrails, as erected, did not create a nonaccess highway or bar access to the premises in question but left ample room for ingress and egress.” Access to one street is being entirely prevented, by this change of grade, to one street on which the property fronts, without compensation, for the reason that the property can still be reached by another street at the rear. *1009 This, in my judgment, goes beyond anything that has been held in any previous case.
Chief Judge Desmond and Judges Dye, Fuld and Burke concur in Memorandum; Judges Van Voorhis and Bergan dissent in separate opinions in each of which the other concurs and in both of which Judge Scileppi concurs.
Order affirmed, without costs, in a memorandum.